Joseph C. Little, plaintiff in error, vs. Elbridge Barlow, defendant in error.

[1.] To say of a person he is a thieving puppy, is actionable.

[2.] If such words were spoken in a connection which do not import a criminal charge, but it does not so appear in the plaintiff's declaration, the declaration is not demurrable.

[3.] If words are not actionable, except as they are applied to the person and intrinsic matter in reference to which they were spoken, the declaration should contain averments to admit proof of them.

Slander, from Butts Superior Court. Decision by Judge Cabaniss, at July adjourned Term, 1858.

This was an action for slander, brought by Joseph C. Little, against Elbridge Barlow.

The declaration contained two counts. In the first, the words charged to have been spoken were, that *"Joseph C. Little was a damn little thieving puppy,"* with an inuendo, that defendant thereby meant that plaintiff was guilty of the crime of theft or larceny, and was a thief.

In the second count the words charged, were *"if Thomas Foster had not killed House, and been put in jail, Joseph C. Little would now be as poor a man as I am,"* with an inuendo, that defendant thereby meant that a certain Thomas Foster charged with the murder of one Levi House, and confined in jail to answer said crime, had been permitted to escape therefrom by plaintiff, who had unlawfully and felo-

niously received money as a bribe therefor; and further meaning, that plaintiff had become rich by means of the said bribe.

A further count was added by way of amendment, to the declaration, in which the words alleged to have been spoken, were that " He," (meaning plaintiff,) " is a damn little thieving puppy. He is mean enough to steal a quarter of a dollar from a dead negro's pocket. If Thomas Foster had not killed House, and been put in jail in Jackson, Joe Little, (meaning plaintiff,) would be as poor a man as I am;" (meaning, as poor as defendant;) with an inuendo, that defendant thereby meant and intended, that plaintiff was guilty of the crime of theft or larceny, and that plaintiff had been jailor of the county of Butts, and while jailor, one Thomas Foster was committed and imprisoned upon the charge of the murder of one Levi House, and escaped from said jail, and defendant thereby meant that plaintiff had been guilty of the crime of aiding and assisting in the escape of said Foster from said jail, and of the crime of " *bribery*," while acting as jailor, and that he allowed and permitted the escape of said Foster for a bribe or reward, &c.

Defendant demurred to the declaration, on the ground, that the words therein charged to have been spoken, were not actionable.

The Court sustained the demurrer and dismissed plaintiff's action. To which decision counsel for plaintiff excepted.

D. J. BAILEY; and LYON & CARTER, for plaintiff in error.

HENDRICK & SUMMERS; PEEPLES and DOYAL, *contra.*

*By the Court.*—McDONALD, J. delivering the opinion.

[1.] The old rule, that words spoken in disparagement of the character of a person, which are susceptible of two constructions, are to be understood in their milder sense, is ex-

Little vs. Barlow.

ploded. They are now to be interpreted in the sense that a person of ordinary capacity who heard them spoken, would understand them. They must, generally impute a crime to the person of whom they are spoken, indictable and punishable in a temporal Court of criminal jurisdiction, or charge him with having an infectious disease, to be actionable of themselves. To charge a person with stealing, imports a felony. To charge a person with being a thief, is actionable, because a thief is one who steals. To say of him, that he is a thieving wretch; or a thieving puppy, is actionable, for it imports a felony, and so, any one of ordinary understanding hearing the words would interpret them.

[2.] If the words were used in relation or connection, which would negative the presumption, that the person speaking them intended to impute a crime, but it does not so appear on the declaration; the defendant must avail himself of it by plea in defense, unless it appears in the plaintiff's evidence on the trial. The declaration in this case contains nothing to repel the presumption that the words were maliciously spoken. We think that the Court ought to have overruled the demurrer in respect to the charge of thieving, made against the plaintiff.

[3.] The inartificial manner in which the declaration is drawn, shows great haste in the experienced draftsman. There certainly ought to have been a colloquium, so far as relates to the charge of bribery, which itself must be made out, if made out at all, by inuendo, applying the words to the person as well as the circumstances alluded to by the Speaker. These averments ought regularly to appear as inducement in the plaintiff's declaration, for it is necessary to establish by proof the extrinsic matter in reference to which the words were spoken, and to admit the proof, there must be averments. The declaration in this respect is amendable.

Judgment reversed.