Tillman vs. Willis.

---

TILLMAN vs. WILLIS.

<table><tr><td>61</td><td>433</td></tr><tr><td>110</td><td>647</td></tr></table>

1. It was libelous, per se, to publish in a newspaper the following : "To W. L. TILLMAN. You are hereby notified that I have made application for a homestead, and the same will come on for hearing at the ordinary's office, December 15th, 1876. L. K. WILLIS. N. B. Take notice, merchants and community generally, the thieves (meaning the plaintiff) are refusing to pay for rations. W. L. TILLMAN." A declaration by Willis against Tillman, alleging this publication as a cause of action, and claiming general damages only, was not demurrable.

2. In the absence of all the evidence which was adduced at the trial, this court cannot pronounce that slight error in the charge to the jury, or in striking out one or two sentences in a special plea filed in mitigation of damages, ought to be followed by a new trial.

Libel.    Practice in the Supreme Court.    Charge of Court.    Pleadings.    New trial.    Before Judge CRAWFORD.ᵛ Muscogee Superior Court.    November Term, 1877.

Willis brought case against Tillman for $20,000.00 damages, alleged to have been sustained by plaintiff on account of the publication of a libel on him by defendant. The declaration, after stating previous good name, etc., alleged that defendant, maliciously intending to impair the same, to bring plaintiff into public scandal, infamy and disgrace, and to deprive him of the means of supporting himself and family by honest and industrious efforts, did, on November 23d, 1876, maliciously compose and publish, etc., setting forth the communication quoted in the first head-note, to the injury of plaintiff. No special damage was alleged. To this declaration a demurrer was filed. It was overruled, and defendant excepted.

The defendant pleaded the general issue, and that before December 1st, 1876, defendant furnished plaintiff with supplies such as were necessary to enable him to make a crop. To induce defendant to do this, plaintiff had waived all right to homestead. That plaintiff failed to pay for the supplies, and on the day and year aforesaid, did claim an exemption and homestead in all of his property, includ-ing the crop made during that year. That defendant then made the publication, as of right he might do, that plaintiff had refused to pay for rations. That he did not publish that plaintiff was, or had been, guilty of larceny, "nor did he intend by said publication to charge the plaintiff with larceny, or any other crime against the laws of this state," etc.

On demurrer to the second plea, the court ordered the words in quotation marks stricken, and defendant excepted.

The bill of exceptions proceeds to state that the "plaintiff put in proof to show that the publication of the alleged libel was made by the defendant, and closed his case with-out proving any special damage. The defendant put in

evidence tending to prove that the plaintiff was, at the time of such publication, a man of bad reputation, and also tending to prove the facts set forth in said second plea."

Then follow numerous exceptions to various portions of the instructions to the jury, the charge in full being attached to the bill of exceptions.

The jury found $350.00 for the plaintiff. No motion for a new trial was made, and the evidence is nowhere set forth except as above stated. Error was assigned by the defendant upon each of the above exceptions.

PEABODY & BRANNON, for plaintiff in error, cited Townshend on Slander, 5, 134, 160; 1 John. Cases, 279; 1 Bailey, 525; 18 Ala., 206; 20 *Ib.*, 428; 3 John., 458; 40 *Ga.*, 444; 34 *Ib.*, 433.

JAMES JOHNSON; CRAWFORD & MCNEILL; CARY J. THORNTON, for defendant, cited as follows: Exceptions to charge not considered, 54 *Ga.*, 567. Demurrer properly overruled, Hilliard on Torts, vol. 1, 237, 359; 1 Chitty's Prac., 44; Broom's Com., 760; 3 How., 266; 4 *Ga.*, 364; 44 *Ib.*, 568. Portion of plea properly stricken, 1 Hilliard on Torts, 231, 304, 308; Broom's Com., 749. Charge correct, Code, §§2974, 2975, 2977, 3070.

BLECKLEY, Justice.

1. To publish a man in a newspaper as a thief tends to injure his reputation, and exposes him to public hatred and contempt. If false and malicious, such a publication is libelous. Code, §2974. The distinction between written or printed defamation and oral slander, in reference to being actionable irrespective of special damages, is recognized by the Code. Compare §§2974, 4521, 2977. In the argument, it was urged that the publication did not apply the epithet "thieves" to the plaintiff, except by way of inference from his having given notice of his application for a homestead, and that, as applying for a homestead and giv-

ing notice of it, did not make a man a thief, or tend to show that he was one, the publication carried upon its face its own explanation and correction. The premises being true, and being stated along with the conclusion, and it being manifest that the conclusion was a *non sequitur*, the proclaiming of the conclusion through the press was, it was urged, perfectly harmless in contemplation of law, unless some special damage was alleged. This is avoiding responsibility by taking refuge in bad logic; it is arguing that if a defamatory publication be obviously illogical, it is no libel *per se*. Perhaps such a doctrine is not unsupported by authority; but in the present case, the publication does not state that the plaintiff is a thief *because* he had applied for a homestead, or *because* he had given notice of his application; such may have been the writer's meaning, but if so, he has not expressed it. It is patent enough that the application for a homestead and the notice of it, moved the writer to denounce and publish the plaintiff as a thief, or, which is the same thing, as one of the class, *thieves;* but the reason for denouncing a thief to the public may be something quite apart from the transaction in which he acted the *role* of a thief. A creditor may know his debtor to be a hardened and habitual thief, and yet have no disposition to proclaim it in the newspapers, until his anger is aroused by the near prospect of losing his money. The homestead business, doubtless, excited the defendant's ire, and hurried him into making the publication; but whether he had his mind upon that sort of business alone, or upon some less innocent and respectable transactions by the "thieves," when he charged the plaintiff to be one of that class of the population, he omitted to say. In order to shield himself by the bad logic of his defamatory article, he should have taken care to make the logic worse than it was. We think the declaration stated a cause of action.

2. We have not detected any material error in the striking of matter from the defendant's plea, or in the charge of the court; none at least that we can pronounce so mate-

rial as to require a new trial. If the evidence had been brought up, things that seem, in its absence, very slight, might take on better proportions.

Judgment affirmed.