HENDERSON *v.* FOX.

1. Construed altogether, the charge of the court in this case did not encroach upon the province of the jury.

2. A plea of justification to a declaration containing several counts, each laying actionable words, goes to the whole declaration, unless the plea is restricted in its terms to certain parts or certain counts; and such plea waives the general issue.

3. A plea treated as one of justification by both parties and by the

court throughout the trial, is to be so treated after verdict, though it may be defective.    Such a plea in an action of slander, reaffirms the charge or charges justified, and avers the truth of the words spoken.    If the words impute a crime punishable by law, and are not in the nature of privileged communications, the filing of a plea of justification may be attended with one of three results: (1) if wholly unwarranted, the jury may treat it as an aggravation; (2) if proved true it defeats the action; (3) if not proved true, the evidence given under it may mitigate the damages.

4. No amount of evidence going to negative malice will wholly defeat the action under a plea of justification, the words being actionable *per se* and not privileged.    Nothing short of proving the truth of the plea will suffice.

5. Nothing material was done or omitted to the prejudice of the plaintiff in error, by the charge of the court, or in refusing to charge as requested.

6. It is not the duty of the court to instruct the jury in an ordinary action at law for a tort, though both justification and set-offs be pleaded, that they may return a special verdict.

7. Causes of challenge to a juror *propter defectum* must be discovered and urged before verdict; and improper language or conduct attributed to a juror proved by one witness only and denied on oath by the juror, is not cause for a new trial.

8. The verdict being a second one for the same amount of damages the Supreme Court cannot pronounce, under the evidence in the record, that it was excessive or not warranted by the evidence and the law, the judge below being satisfied therewith.    Though it seems a harsh verdict it is not illegal.

July 8, 1889.

Charge of court.    Pleadings.    Justification.    Practice.    Slander.    Privileged communications.    Actions, Jury and jurors.    New trial.    Verdict.    Before Judge HARDEN.    City court of Savannah.    November term. 1888.

To the report contained in the decision the following grounds of the motion for a new trial are added, to be taken in connection therewith :

Error in charging as follows :    Fox brings an action against Henderson for damages.    He brings it in three counts, alleging that Henderson has spoken falsely and maliciously against him certain words imputing to him a crime ; that Henderson had called him, on three different occasions, a thief, adding words to the effect that

he ought to be in the penitentiary; and you will see from the declaration what the exact language is, I have it not before me. To that the defendant pleads four pleas, which we will conveniently number 1, 2, 3 and 4, the first being the plea of general issue; the second, the plea of justification; the third, the plea of set-off on account of slanderous words alleged to have been used of Fox by Henderson; and fourth, set-off on account of damages which Henderson is alleged to have suffered on account of an assault which it is alleged Fox made upon him. I will take up the pleas in that order. First, as to the plea of general issue, that you need not consider; that is eliminated from this case by plea of justification which follows it, because while the plea of general issue is a denial of the right of action, and while in this State a person may plead as many and as contradictory pleas as he choses, yet if in any of his pleas he admits the truth of the charge as laid, that admission must be taken against him. The effect of the plea of general issue would have been to have made it necessary for the plaintiff to have proved that these words were used by defendant; but when defendant filed a plea of justification, he put himself upon record as admitting the use of the words on the occasions and on each one of the occasions laid in the declaration, and has estopped himself from denying that he did use the words; and the whole case then proceeds upon the theory that it is admitted by him that the declaration is true, in alleging that he did use them on the three occasions; and he takes the position that he was justified in using them. And now, in this case, you notice that upon the reading of the pleas, the plaintiff took the position that he had nothing more to prove at that time, and the defendant commenced his case; the case was reversed to a certain extent by the pleadings; instead of being a case in which Fox was endeavoring to prove that Henderson had used certain slanderous

words, it became a case in which Henderson, admitting that he had used these words, claimed that he had used them because they were true; his plea put him in the position of urging and of again charging this crime upon Fox, and of reiterating that it was true, and undertaking to prove it. Henderson says, in effect: Yes, I did say to Fox that he was a thief and ought to be in the penitentiary, and I said it because it was true, because he is a thief; and goes on to show why he said it, and in what way he is a thief. Now then, we come to the plea of justification; more distinctively in this plea the defendant becomes in reality the plaintiff; in this part of the case Fox is the defendant, and whenever I speak of them I will use their names, so that there need be no misunderstanding of the matter. Henderson, having filed what is termed a plea of justification, thereby admits that he did use concerning Fox the words mentioned, and upon the three occasions mentioned, and he undertakes to prove the truth of these charges. The filing of this plea makes it your duty to consider this case upon the assumption that Mr. Henderson used the words as charged; I therefore charge you that it is admitted to be true that Henderson did say of Fox, on the last county election day, and upon two other occasions mentioned in the declaration, the words mentioned in the declaration. You understand now, leaving out all details, that you are first to ascertain whether or not Henderson was justified in using these words, it being a fact admitted by him that he did use them on the three occasions laid.—Said charge being erroneous: (1) Because it withdrew from the consideration of the jury the plea of the general issue. (2) In that the plea of justification filed did not admit the using of the language upon the three different occasions laid in the declaration. (3) Because the special plea, called the plea of justification, admitted the use of the language only upon the election day, and

set up the assault and battery, committed on him by Fox, as the immediate cause and provocation for the use of the words. (4) In that the effect of the plea of justification, in so far as the mitigating circumstances therein stated are involved concerning the use of the words upon that occasion, was destroyed, as they could have no bearing upon the use of the words upon the occasions alleged in the declaration. (5) In that, while the defendant denied the use of the words except upon election day under the circumstances stated, the jury were told not to consider his denial because his attempted justification for the use of the words upon that occasion was an admission by him of the use of the words upon the two other occasions laid in the declaration. (6) Because the court laid undue stress, to the prejudice of the defendant, upon the fact (if it be a fact) that defendant's plea of justification admitted the use of the words upon the three occasions mentioned in plaintiff's declaration, without instructing the jury that even if the defendant was not justified in using the language upon two of the said occasions, yet he might be protected in the use of the words upon the last occasion by the provocation he then received, and under the circumstances under which the words were used. (7) In that the jury were illegally instructed that the defendant Henderson, because he had filed said plea of justification was in the position of a plaintiff undertaking to prove that Fox, as a defendant, was guilty of a crime of larceny, and that Henderson was bound to prove it as any plaintiff would be obliged to prove a case against a defendant. (8) In that defendant's plea of justification did not admit the use of the language upon the three occasions mentioned, nor was any such thing ever admitted. (9) In that said plea did not put Henderson in the position of urging and of again charging upon Fox the crime of larceny and undertaking to prove it. (10) In that said plea stated the facts and

showed the sense in which Henderson used the words "thief" and "penitentiary" was not to charge Fox with the crime of larceny. The court yet iterated and reiterated that Henderson was then and there urging and insisting by said plea that Fox was a thief in the eye of the law, and thereby the jury was influenced to the prejudice of defendant.

Because the court erred in not giving any or all of the following pertinent and legal charges, requested by defendant's counsel: (1) If the defendant had just motive in making the charge, the presumption of malice is rebutted, and the plaintiff must prove its existence. (2) This is not a criminal case; and the effect of the verdict of the jury if they find in favor of the plea of justification, will not be to find that the plaintiff is a thief and should be in the penitentiary, but simply that, under the circumstances, the defendant was justified in using the language charged against him. (3) The jury may find a special verdict, if they believe the evidence requires it. (4) The charge brought by Fox against Henderson is, that Henderson falsely, as well as maliciously, uttered the words complained of; it is therefore necessary for the plaintiff to prove that the words spoken were falsely and maliciously spoken. (5) Malice is an essential ingredient in the action of slander, and is a question of fact which falls peculiarly within the province of the jury to determine. (6) Whilst a plea of justification is to some extent an aggravation of the tort where the proof in support of it is not sufficient to sustain the plea, yet where the defendant introduces proof which tends to sustain the plea, although the proof fails to make it out, the jury may take such testimony into consideration, in mitigation of damages.

Because the court erred in striking out the words, "is to act as a thief," and substituting therefor the words, "may be considered in determining the motive of the charge," in the following charge requested by de-

fendant's counsel: If the jury find from the evidence that Fox fraudulently misappropriated the partnership assets, this would go to illustrate what Henderson meant when he said Fox was a thief, and if it would not justify, it might at least palliate. To take partnership effects with a corrupt intent, although it may not be larceny, is to act as a thief."

Because the court admitted in evidence, over defendant's objection, the adjudication and proceedings in the superior court, referred to in the following charge requested, and erred in not giving said charge: "There was no adjudication in the former case in the superior court that Fox had not collected the money, as charged, and appropriated it with intent to steal. That question was not involved in that case, and was not a material question in that case, and hence the jury are to consider the proofs in the present case, whatever those proofs may be, to sustain the plea of justification, without regard to said former superior court proceedings, as any adjudication or estoppel, in any way, shape or form whatever, which might deprive Henderson of the benefit of said proofs. If you find that defendant said that Fox was a thief, and if you find that afterwards in the same conversation, to explain away the imputation so as to show to the hearers that he meant only to leave the impression on the mind of the hearer that Fox was guilty of a breach of trust and not a crime or misdemeanor, then such charge is not slanderous."

Because of newly discovered evidence as to the misconduct, bias and prejudice of C. M. Ensinger, one of the jurors; and as to the minority of Richard McDonald, another of the jurors. (There were affidavits from both sides in support and rebuttal of this ground.)

In his order overruling the motion, the judge makes the following statement:

"In view of the grounds of the motion bearing upon the plea of justification, it is proper to state that this plea was offered by the de-

fendant's counsel, as a plea of justification, during the second day of the first trial, and after plaintiff had introduced several witnesses who testified to the use of the words laid in the declaration. At that time the plea did not contain the following words which now appear in the conclusion of the plea after the words, ' as partners,' and before the words, ' that whatever,' namely : ' he admits that he said the plaintiff was a thief and ought to have been in the penitentiary, but denies that they were uttered falsely or maliciously and.' Counsel for plaintiff objected to the plea as not being sufficiently specific for a plea of justification, and moved to strike it on this ground. Defendant's counsel resisted the motion, and during the argument, for the purpose of making the plea more specific, added the words just quoted. At this trial defendant's counsel claimed and were accorded the opening and conclusion to the jury, which would not have been allowed except that it was understood that they had filed a plea of justification and had undertaken the burden incident to such a plea. At the second trial, after the pleadings had been read, counsel for plaintiff arose and stated (as the minutes show) that, as defendant had filed a plea of justification and had thereby admitted the use of the words laid in the declaration, he had no testimony then to offer. Defendant's counsel thereupon proceeded to introduce their evidence without denial or question of this position and statement, and were again accorded the opening and conclusion to the jury. At the former trial, the court stated to the jury in the charge what the plea admitted, substantially as the court did in the last trial, and at neither trial was the court asked to correct or qualify this statement, although, as is the court's custom, such correction was invited. It is also proper to say that plaintiff's counsel declined before the court and jury to take the position that a man could not steal from his firm, and urged that if the jury really believed that plaintiff meant to defraud his firm, they ought not to find for him, and further, that on this question of intent, or of the fraudulent misappropriation of the firm's assets, plaintiff's counsel stated that he would not claim that the superior court case was an estoppel or adjudication."

R. R. RICHARDS and GARRARD & MELDRIM, for plaintiff in error.

DENMARK & ADAMS, *contra.*

BLECKLEY, Chief Justice.

This is the second appearance of the same case, the first being in 80 *Ga.* 479. At successive trials two verdicts, each for $1,500 damages, were found for Fox, the plaintiff below. From the first a new trial was granted by this court, for error in instructions to the jury. A second new trial was applied for by Henderson,

and to the refusal of that application the present writ of error was brought. The declaration was in three counts. The first charged the speaking on the first of March, 1886, of these slanderous words : "He is a thief and ought to be in the penitentiary." The second charged the speaking on the 22d of December, 1886, of these slanderous words : "That damn scoundrel Fox, he is going to run; he ought to be in the penitentiary; if I had taken the advice of my friends, he would be there instead of running for coroner." The third charged the speaking on the 5th of January, 1887, of these slanderous words: "He is a damn thief; he ought to be in the penitentiary."

The defendant, Henderson, pleaded (1) the general issue; (2) justification; (3 and 4) set-off, one of the pleas of set-off alleging slander, and the other assault and battery. The plea of justification consisted, first, of a long enumeration of particular facts relating to certain co-partnership transactions between the parties, and to certain acts of Fox with reference to the partnership assets; false entries in the books; omissions to make entries, etc., etc.; the plea concluding as follows :

"And this defendant says that the words charged against him were only spoken in reference to his business matters between them as partners. He admits that he said the plaintiff was a thief and ought to have been in the penitentiary, but denies that they were uttered falsely or maliciously; and that whatever he may have spoken at any time was without malice and under an honest belief that he had been wronged by the plaintiff; and wherefore the defendant says that he might lawfully have spoken as aforesaid for the cause aforesaid."

The plea was not restricted in its terms to any one count or any one part of the declaration. It was not demurred to. At the trial the defendant took the opening and conclusion as to the whole case, and the record indicates that the plea was considered an answer to the whole action.

1. The charge of the court is complained of in the motion for a new trial as expressing or intimating an

opinion on the evidence, or touching the facts in controversy. We think it amenable to no such criticism. Taking the whole charge together as found in the record, it not only separates, clearly and distinctly, the functions of the jury from those of the court, but is extremely careful not to encroach in any manner upon the province of the jury. In this respect we consider it remarkably free from any ground of exception whatever.

2. The legal doctrine that a plea of justification going to the whole case waives the plea of the general issue, is now well-established as the rule in Georgia under the code. *Rigden* v. *Jordan*, 81 *Ga.* 668; *Parker* v. *Lanier*, 82 *Ga.* 216.

3. However loose and informal the plea of justification may be, when it is not demurred to but is considered by the parties and the court as a sufficient plea of that character, and a trial is had under it, defects in it are not to be scrutinized after the trial is over; indeed it has been held that where the parties treat it as sufficient, the trial court should do so likewise. *Bryan* v. *Gurr*, 27 *Ga.* 378.

The necessary legal effect of every strict plea of justification in actions of slander not involving privileged communications, is to reaffirm the charge or charges justified, and aver the truth of the words spoken if they impute a crime punishable by law. Such reaffirmation may or may not be an aggravation of the original slander. Whether it is so or not is to be determined by the jury. Where the plea is filed in good faith, and under an honest expectation of being able to establish the alleged justification, the jury should consider it warranted, and add nothing to the damages on account of it, although the proof should fall short of establishing it. On the other hand, if they should believe it unwarranted and unfounded, they ought to treat it as an aggravation and as cause for augmenting the damages.

Unless proved to the satisfaction of the jury, such a plea cannot and will not defeat the action; but there may be evidence under it which, though insufficient to establish it, may disclose facts and circumstances in mitigation, and this may be considered by the jury to reduce in any degree they deem proper the amount of damages they would otherwise have found. Thus a plea of justification may, according to the evidence introduced under it, have one of three effects in the action: (1) the plea being established, the action is simply defeated; (2) failure to establish it, connected with failure to show any reasonable or proper cause for filing it, may aggravate the damages; (3) the partial or imperfect establishment of it, or the production of evidence strongly tending to establish it, may mitigate the damages. Whilst only one of these effects can be realized in the same case, there is no inconsistency amongst them as referable to different cases, or cases of different classes, the classification being made by the jury according to the facts of the case on trial. The charge of the court complained of, construed in the light of the whole charge, was substantially in accordance with this view of the law. We think the jury could not have understood it as constraining them to treat the plea of justification as an aggravation, but simply as authorizing them so to do if they thought proper under the evidence; and certainly the charge very distinctly announced that the facts proved under the plea might be looked to in mitigation of the damages, although they fall short or might fall short of establishing full justification. Rightly construed, although some criticism may be made on isolated passages, the charge, we think, conforms substantially to the case of *Ransone* v. *Christian*, 49 *Ga.* 491.

4. With respect to defeating the action wholly and entirely by evidence going to negative malice, we think

there is no soundness whatever in the position as applied to a case like this, where the words impute a crime, and where no element of privileged communication is involved. We think all the cases of any authority hold that such words must be made good by proving their truth, or else there must be a recovery of some damages in favor of the plaintiff. By an examination of Lewis *v*. Herrick, 16 N. Y. 369, and of Wilson *v*. Noonan, 35 Wis. 321, cited by Mr. Freeman in his notes to Terwilliger *v*. Wands, 72 Am. Decis. 430, it will be found that these cases have in them nothing to the contrary of this doctrine, but that the latter distinctly recognizes it, and the former does not discuss it.

5. Looking to the evidence, the charge of the court as given, and the explanation by the judge in his order denying a new trial, we are unable to hold that there was any material error in declining to charge the jury as requested in addition to the charge given. It seems to us that the case was fully and fairly submitted to the jury on its substantial merits. No doubt the charge was in some respects imperfect, and no doubt any review of it which we might attempt would be imperfect also, for what earthly court can attain perfection? But slight blemishes in the work of a court are not to be regarded as cause for a new trial, and so far as we can discover, nothing material was done or omitted to the prejudice of the plaintiff in error.

6. We know of no law applicable to Georgia practice which constrained the court to instruct the jury that they might find a special verdict in an ordinary action at law, as this was. We were cited to no precedent on the subject, and had the instruction been given, we should have had more difficulty in upholding it than we meet in sustaining the refusal of the court to give the instruction. There is no air of novelty about the ruling which the court made, as there certainly would have been if a reverse holding had taken place.

7. That causes of challenge to jurors *propter defectum* must be discovered and urged before trial, and that improper language or conduct attributed to a juror, proved by one witness only, and which he denies on oath, is not cause for a new trial, will be recognized as law by most of the enlightened members of the legal profession. Those not prepared for concurrence in the common opinion will become so by further study.

8. Touching the general grounds of a motion for a new trial, and the special ground that the damages found are excessive, we need only say that the evidence is not such as to warrant our interference, this being a second verdict and the trial judge being satisfied to let it stand. We consider it a harsh verdict, in view of the many palliating facts set forth in the evidence, but not an illegal one. It teaches a most energetic lesson in favor of holding one's tongue, and it is well for that lesson to be learned, sooner or later, by us all. We are not without sincere sympathy for this aged and irascible man, but our duty is best performed by leaving his case to stand as the jury and the presiding judge have settled it.                    *Judgment affirmed.*