ROBERTS *v.* RAMSEY.

The words, " You are a God damned thief," are actionable *per se,*
and it is not necessary for the plaintiff to prove that they referred
to any particular transaction or charged any special crime.  If the
defendant claim that they were intended merely as words of abuse
and not to charge a crime, it is for him to show that such was the
intention.

December 23, 1890.

Slander.  Nonsuit.  Before Judge LUMPKIN.  Lincoln
superior court.  April term, 1890.

Reported in the decision.

JOHN T. WEST, by brief, for plaintiff.

THOMAS E. WATSON, by brief, for defendant.

SIMMONS, Justice.

Mrs. Roberts sued Ramsey in an action for slander.
Her declaration alleged that " in a certain discourse
which the defendant had with, of and concerning her,
he used the following slanderous and defamatory words,
that is to say, ' You' (meaning the petitioner) ' are a
God damned thief'; meaning thereby that your peti-
tioner was guilty of theft or larceny."  The evidence
showed that the defendant was her brother; that he
was angry with her son Alec, because Alec's mule had
eaten his (defendant's) oats; that the defendant came
to her house, and she saw that a difficulty might arise,
as they were quarrelling, and told the defendant to go
on home, and told Alec to go into the house.  The de-
fendant then said to her:  " You shut up.  You are a
God damned thief, and all your children are damned
thieves."  There were present Alec and another son of
the plaintiff, and a negro girl, besides the plaintiff and
the defendant; the words being spoken in a tone to be
heard by all of them.

Upon motion of the defendant's counsel, the court
granted a nonsuit, and the plaintiff excepted.  Counsel

for the defendant in error argued before us to sustain
the action of the court in granting a nonsuit in this
case, that these words were not actionable *per se*, be-
cause they did not refer to any particular transaction,
nor did they charge any special crime, but were merely
abusive.    We think the words were actionable *per se*,
and that it was not necessary for the plaintiff to prove
that they referred to any particular transaction or
charged any special crime.    Our code, §2977, declares
that it shall be slander to impute to another a crime
punishable by law.    To charge another with being a thief
is in effect to charge him with the crime of larceny,
which is a crime punishable by law.    The injury to the
reputation of the person is the gist of the action.    In
Odgers on Libel and Slander, p. 54, it is said : "Spoken
words which impute that the plaintiff has been guilty
of a crime punishable with imprisonment are actionable
without proof of special damage."    " The words must
clearly impute a crime punishable with imprisonment,
although they need not state the charge with all the
precision of an indictment.    If merely fraud, dishon-
esty, immorality or vice be imputed, no action lies with-
out proof of special damage.    And even where words
of specific import are employed (such as " thief" or
" traitor"), still no action lies if the defendant can sat-
isfy the jury that they were not intended to impute
crime, but merely as general terms of abuse, and meant
no more than " rogue" or " scoundrel," and were so un-
derstood by all who heard the conversation.    But if
the bystanders reasonably understood the words as
definitely charging the plaintiff with the commission of
a crime, an action lies."    *Id.* 61.    So it appears from
this author that where the defendant claims that the
words were intended, not to charge a crime, but merely
as words of abuse, the defendant must satisfy the jury
that such was the intention.    The words being action-

able *per se*, and the defendant not having put in any evidence to explain them, or to show that they were intended as words of abuse only and were so understood by the bystanders, the court erred in granting a nonsuit. See also, upon this subject, Townshend on Slander and Libel, p. 168; Newell on Defamation, Slander and Libel, p. 118; 13 Am. & Eng. Enc. of L. p. 344, and numerous cases cited; *Pledger* v. *Hathcock*, 1 *Kelly*, 550; *Little* v. *Barlow*, 26 *Ga.* 423; *Henderson* v. *Fox*, 80 *Ga.* 479, and 83 *Ga.* 233; Quigley v. McKee, 53 Am. Rep. 320.                    *Judgment reversed.*