### 17427.  HOGAN *v.* THE STATE.

BROYLES, C. J.  A motion was filed by the accused to set aside a verdict of guilty. The motion was based upon two grounds: first, that one of the jurors was under 21 years of age; and second, that the accused was absent from the court-room and under the charge of a deputy sheriff when the verdict was rendered. The first ground is without merit, as causes of challenge to a juror *propter defectum* must be discovered and urged before verdict. *Henderson* v. *Fox,* 83 *Ga.* 234 (7) (9 S. E. 839). As to the second ground: Upon the hearing of the motion the evidence as to whether the accused was absent from the court-room when the verdict was returned was in conflict, and the finding of the judge upon this question of fact was final.

> *Judgment affirmed. Luke and Bloodworth, JJ., concur.*
> DECIDED JULY 14, 1926.

Possessing intoxicating liquor; from Twiggs superior court— Judge Camp.   April 17, 1926.

*H. F. Griffin Jr., J. D. Shannon,* for plaintiff in error.

*Fred. Kea, solicitor-general,* contra.

---

Criminal Law, 16 C. J. p. 1157, n. 62; 17 C. J. p. 263, n. 79.
Juries, 35 C. J. p. 417, n. 22 New.

---

### 17438.  STROUD *v.* THE STATE.

BROYLES, C. J.  The motion for a new trial contained the usual general grounds only. The evidence, while weak, authorized the verdict; and the finding of the jury having been approved by the trial court, this court is without authority to interfere.

> *Judgment affirmed. Luke and Bloodworth, JJ., concur.*
> DECIDED JULY 14, 1926.

Possessing intoxicating liquor; from Douglas superior court— Judge Irwin.   May 3, 1926.

*Astor Merritt,* for plaintiff in error.

*E. S. Griffith, solicitor-general,* contra.

---

Criminal Law, 16 C. J. p. 1180, n. 74; 17 C. J. p. 271, n. 41.