22047. KING *v.* PAGE.

Decided April 29, 1932.

*E. W. Jordan,* for plaintiff in error.

*J. W. Warren, J. E. Hyman,* contra.

Luke, J. This is an action for damages for slander, wherein the plaintiff, Elbert B. Page, alleged in his petition and the amendment thereto, that the defendant, J. Calvin King, in February, 1930, in the town of Harrison, county of Washington, in the presence of H. S. Smith and other good and worthy persons, "did wilfully, falsely and publicly say of and concerning your petitioner the fol-

lowing false, scandalous, malicious and defamatory words, to wit: 'Mr. Page (meaning Elbert Page) stole my hog, and I am going to prosecute him for it;' and on another occasion, in February, 1930, in said town, State, and county, he falsely and maliciously stated, in the presence of Jeffie Tanner and other good and worthy persons, that 'Mr. Page stole my hog, and I am going to prosecute him— leave it to twelve men to decide'." Plaintiff charges that said words were heard and fully understood by the parties named, and that by reason of said false, malicious, and defamatory words the defendant publicly branded plaintiff as a hog thief, and thereby held him up to contempt and injured him.

Defendant demurred generally and specially to the petition. Such defects pointed out by special demurrer as really existed were cured by amendment of the petition; whereupon the court overruled the demurrer, except as to one paragraph of the petition, which was stricken. To the order overruling the demurrer the defendant excepted.

Plaintiff in error insists that said words may have been uttered jokingly. The allegation that the words were "false, malicious, and defamatory" precludes, excludes, and contradicts the idea of their being uttered in a jocular manner. If they were uttered maliciously, as alleged, they could not have been uttered jokingly.

The averment in the demurrer, that the petition does not allege "how or in what manner any damages were occasioned to the plaintiff," is without merit. In reference to how the plaintiff was damaged, the petition alleges that because of the remarks of defendant, plaintiff "was thus publicly branded as a hog thief, thus greatly injuring his good name and reputation, and being brought into public scandal, infamy and contempt." Moreover, the statement, "Mr. Page [the plaintiff in an action for damages for slander] stole my hog, and I am going to prosecute him for it," imputes to plaintiff a crime punishable by law, and is actionable per se. Civil Code (1910), § 4433; *Hooper* v. *Martin,* 54 *Ga.* 649; *Roberts* v. *Ramsey,* 86 *Ga.* 432 (12 S. E. 644).

The amendment to the petition cured all defects pointed out by the special demurrer, and the petition as amended alleged a cause of action, and the demurrer thereto was properly overruled.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*