23276. INGRAM v. KENDRICK.

DECIDED JANUARY 22, 1934.

*Beck, Goodrich & Beck,* for plaintiff in error.

*D. R. Cumming,* contra.

SUTTON, J.   Plaintiff sued for $5000 damages for slander, alleging that the defendant communicated to certain persons that the plaintiff had stolen certain property belonging to her.   The defendant filed an answer in which she denied generally the allegations of plaintiff's petition.   On the trial the evidence was conflicting as to whether or not the defendant made such statements.   The jury returned a verdict for the plaintiff for $100.   The defendant moved for a new trial.   The court overruled the motion for a new trial, and to this judgment the defendant excepts.

1.   To charge one orally with stealing is a slander or defamation per se, and damage to the slandered person is inferred therefrom.   Civil Code (1910), § 4433; *Little* v. *Barlow,* 26 *Ga.* 423 (71 Am. D. 219); *Tillman* v. *Willis,* 61 *Ga.* 433, 434, 435; *Roberts* v. *Ramsey,* 86 *Ga.* 432, 434 (12 S. E. 644).   To charge one with being a thief imports malice.   *Pearce* v. *Brower,* 72 *Ga.* 243, 245.

2.   The court charged the jury as follows:   "As to the question of damages:   that is a question for the jury to determine, and it rests with the enlightened conscience of an impartial juror as to what damages, if any, you do find that the plaintiff is entitled to. It could be any sum not exceeding the amount asked for in the petition.   If you should find that the plaintiff is entitled to recover, then it would be necessary for you to go further and find what damages he is entitled to; and, as stated, that is a matter for the enlightened mind of an impartial juror; it could not exceed the amount asked for in the petition."   This charge was not error for any of the reasons assigned.   The measure or criterion of the general damages which the law infers as flowing from a slanderous statement which is actionable per se is the enlightened consciences of an impartial jury.   Civil Code (1910), § 4504; *Parsons* v. *Macon,* 7 *Ga.* 200; *Brown* v. *Autrey,* 78 *Ga.* 753 (4) (3 S. E. 669).

3.   The court did not err in failing to give in charge to the jury section 4509 of the Civil Code (1910).   The provisions of this section of the code are not applicable to a case of slander where the plaintiff is seeking only the general damages which the law presumes flows from an utterance slanderous per se.

4. The court did not err in failing to charge the jury that "Damages are given as compensation for the injury done. General damages are such as the law presumes to flow from any tortious act, and may be recovered without proof of any amount. In such case, it is left with the enlightened conscience of fair and impartial jurors to say what amount would compensate the plaintiff for the injury inflicted." The plaintiff was not seeking special damages nor compensatory damages, but was only seeking damages which the law implies as necessarily flowing from the utterance of a statement which is slanderous per se. That portion of the above charge, that "General damages are such as the law presumes to flow from any tortious act, and may be recovered without proof of any amount," stated a correct and applicable principle of law. However, failure to give this principle in charge could work no hardship upon the defendant. Furthermore, the court substantially gave this in charge to the jury. The portion of the above-quoted charge as to compensatory damages was not applicable to the case.

5. The court did not err in failing to charge the jury that "If the injury be small, or the mitigating circumstances strong, nominal damages only are given." Under the defendant's evidence a general verdict in her favor would have been authorized; and the verdict being in favor of the plaintiff, the defendant can not complain of the failure of the court to give the above principle of law in charge to the jury, in the absence of a timely written request. *Holmes* v. *Clisby*, 121 *Ga.* 241 (9), 249 (48 S. E. 934, 104 Am. St. 103).

6. The court did not err in charging the jury that "The law states slander or oral defamation consists in imputing to another a crime punishable by law. To charge one of a crime punishable under the laws of Georgia when uttered to a third person, or to a person other than the one alleged to be slandered, is slander per se. As a matter of law, to charge one of stealing is to charge one of a crime punishable under the laws of this State, and if proven would be slander per se. Whether the plaintiff in this case would be entitled to recover, . . you must satisfy minds from a preponderance of the testimony that the alleged words were uttered by the defendant, and that they impute a crime to plaintiff." This charge was in the main accurate and defined the law applicable to this case. Civil Code (1910), § 4433.

7. The court did not err in failing to charge the jury that "Slander, or oral defamation, consists in falsely and maliciously imputing to another a crime punishable by law." This was not a correct statement of the law applicable to this case. To charge one falsely with committing a crime punishable under the laws of this State is slander, and is actionable per se, and malice is inferred from such a statement or utterance. *Little* v. *Barlow,* supra; *Pearce* v. *Brower,* supra; *Cox* v. *Strickland,* 101 *Ga.* 482 (6) (28 S. E. 655).

8. The court did not err in failing to charge the jury that "The truth of the charge may always be proven in justification of the slander." There was no plea of justification filed. In order for such a charge to be applicable it would be necessary for the defendant to have filed her plea of justification, and that the same be substantiated by proof. This does not appear from the record in this case. In this case the issue was, did the defendant make the statement alleged by the plaintiff to have been made by her? The jury found that she did. The defense of justification was not in the case. The defense of justification is wholly inconsistent with a general denial by the defendant that she spoke the words charged. *Henderson* v. *Fox,* 83 *Ga.* 233 (9 S. E. 839) ; Civil Code (1910), § 5636.

9. The court did not err in failing to charge the jury that "The burden of proof is on the plaintiff to prove the material allegations in his petition by a preponderance of the evidence." No request being made to charge as to the burden of proof or preponderance of evidence, mere failure to charge on these topics will not require a new trial. *Small* v. *Williams,* 87 *Ga.* 681 (13 S. E. 589). *Lazenby* v. *Citizens Bank,* 20 *Ga. App.* 53, 55 (92 S. E. 391). Besides, as will be seen from the 6th division of this opinion, the court instructed the jury that in order for the plaintiff to recover they must satisfy their minds from a preponderance of the evidence that the alleged words were spoken by the defendant and that they imputed a crime to plaintiff.

10. The court did not err in failing to instruct the jury that the malice that is inferred from the character of the charge is legal malice or constructive malice, and is not actual malice or ill will of the defendant toward the plaintiff. The plaintiff was only seeking general damages, such as the law presumes to flow from the al-

leged per se slanderous statement of the defendant, and this could be done without proof of any malice. There was no contention on the plaintiff's part that the defendant was actuated by malice or felt any ill will toward him, and the evidence does not show that she did.

11. The court refused a timely written request to charge the jury that "Where the language is actionable, per se malice is implied, except where the occasion of the utterance renders it privileged; in which case malice is not presumed, and the burden is upon the plaintiff to prove malice." This request was not applicable, under the facts of this case. There was no question of privileged communications in the case. The only issue was whether or not the defendant uttered the statement attributed to her by the plaintiff.

12. Under the facts of this case the court did not err in refusing a timely written request to charge the jury that "The following are deemed privileged communications: Statements made in the performance of a private duty, either legal or moral. Similar statements made with the bona fide intent on the part of the speaker to protect his own interest in a matter where it is concerned." Such a charge was not applicable under the facts of this case, the only issue being, did the defendant utter the alleged slanderous statement or not?

(a) In order to avail herself of the defense that the statement made by her was a privileged communication under paragraph 3 of section 4436 of the Civil Code, the defendant should have filed a plea setting out such defense or alleged facts in her answer, showing that the communication was privileged. An answer in which the allegations of the plaintiff's complaint are simply denied is not sufficient to raise such a defense, which is in the nature of a confession and avoidance. *Holmes* v. *Clisby,* 118 *Ga.* 820 (2) (45 S. E. 684); *Flanders* v. *Daley,* 120 *Ga.* 885 (4) (48 S. E. 327); *Brown* v. *McCann,* 36 *Ga. App.* 812, 184 (138 S. E. 247).

(b) The defendant can not rely on her defense under the general issue that she did not speak the words attributed to her by the plaintiff and also, after the evidence has closed, rely on the theory that the evidence showed that if she uttered the words they were privileged. The one is inconsistent with the other, and the defendant can not proceed on the two theories. She must rely on the one

or the other. *Jones* v. *Forehand*, 89 *Ga*. 520, 521; Civil Code (1910), §§ 4488, 5636.

(*c*) It would have been error against the plaintiff for the court to have instructed the jury with reference to whether or not the communication was privileged, even though there was evidence in the case from which they might deduce that the defendant was acting bona fide to protect her own interest in a matter where it was concerned, the defendant having filed only a general denial of the allegations of the petition. *Kerwich* v. *Steelman*, 44 *Ga*. 197; *Ratteree* v. *Chapman*, 79 *Ga*. 574 (3) (4 S. E. 684); Civil Code (1910), § 5636.

13. The court refused a timely written request of the defendant to charge as follows: "If you find from the evidence that the defendant uttered the alleged slander, then legal malice would be presumed and the plaintiff entitled to recover damages, but his recovery should be mitigated if it is made to appear to you that the alleged slander was uttered without express or actual malice." The failure of the court to charge this does not require a new trial, under the facts of this case. The plaintiff was only seeking general damages, and did not contend that the defendant acted with express or actual malice, but only that she uttered the slanderous words, which were actionable per se, and from which the law presumes legal malice; and the verdict in plaintiff's favor was only for $100, where he asked for $5000 damages.

14. There was no error in failing to charge the jury that "As a general rule it is a breach of good faith and loyalty to his principal for an agent, while the agency exists, so to deal with the subject-matter thereof as to make a profit out of it for himself in excess of his lawful compensation; and if he does so he may be held liable as a trustee and may be compelled to account to his principal for all profits, advantages, rights or privileges acquired by him in such dealings." This principle of law had no application to the issues in this case. It was shown by the evidence that the plaintiff purchased some bamboo for the defendant from a third person for $25, and the defendant later stated the plaintiff stole a part of it and stated to the defendant that he purchased the same for $35, and the defendant paid him $35 therefor. This had absolutely nothing to do with the issues involved and the court properly refused the request for such a charge.

284

15. The evidence authorized the verdict, which was not excessive, and, none of the special grounds of the motion for new trial showing reversible error, the motion was properly overruled.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*