## 33658. MELTON v. BOW.

JORDAN, Justice.

This court granted certiorari to review the decision of the Court of Appeals in *Melton v. Bow,* 145 Ga. App. 272 (243 SE2d 590) (1978), a case in which Michael L. Bow brought an action against Dr. Charles E. Melton for slander and libel. The jury returned a verdict for Bow in the amount of $200,000, and the Court of Appeals affirmed.

Dr. Melton had a limited privilege of communication of information about Bow in an investigation he made for the University of Georgia concerning the report made by Bow that he had received a W-2 form for earnings as a student-worker at the university at a time when he was no longer working there.

In order to claim a limited privilege under Code § 105-709, the communications must be made only to proper persons, and the privilege may not be used as a cloak for venting private malice. Code § 105-710; *Sheftall v. Central of Ga. R. Co.,* 123 Ga. 589 (5) (51 SE 646) (1905); *Ivins v. Louisville & Nashville R. Co.,* 37 Ga. App. 684 (8) (141 SE 423) (1927); *Veazy v. Blair,* 86 Ga. App. 721 (72 SE2d 481) (1952); *Camp v. Maddox,* 93 Ga. App. 646, 651 (92 SE2d 581) (1956).

The evidence showed that Dr. Melton made defamatory remarks and published defamatory reports about Bow to numerous persons not involved in any investigation, and that he continued to make and publish such defamatory statements after the investigation by the university security department had disclosed that the

discrepancy in the accounts had been caused by an embezzler in Dr. Melton's department. There was no evidence that Bow was guilty of any of the numerous misdeeds with which he was charged by Dr. Melton. We concur in the view of the Court of Appeals that the evidence authorized a finding that the publications were made to persons not concerned with the investigation, and that the circumstances amply authorized a finding of malice.

This court in granting certiorari was concerned with Division 3 of the opinion of the Court of Appeals, in which it was held: "Appellant [Dr. Melton] also contends that the verdict is without evidentiary support because the testimony of appellee's own witnesses showed that his reputation had not been damaged. One of Bow's witnesses twice said, '. . . he has an outstanding reputation.' This testimony, appellant argues, rebutted the presumption of damages which attached upon proof of the defamatory statements and placed on Bow the burden of proving actual damages. Assuming appellant is correct about the effect of that testimony, we still cannot find the verdict to be unsupported by the evidence. Another witness testified that when Dr. Melton accused Bow of criminal activity, '. . . it made me wonder about him.' Applying the any evidence rule stated above, we are constrained to hold in favor of the jury's verdict."

Dr. Melton in his petition for certiorari strongly argues that the testimony as to the good reputation of Bow refuted the presumption of injury to him, and that there was no evidence of injury to Bow's reputation authorizing the recovery of damages.

We reject this argument of Dr. Melton, but feel that the quoted paragraph of the opinion of the Court of Appeals is a misleading statement on the law applicable to the proof of damages in a case where false statements are made which are per se slanderous and libelous. Dr. Melton, by oral and written statements, accused Bow of the theft of hotplates from the chemistry laboratory where he had worked. He also called Bow a liar, stated that Bow was in trouble with the IRS, and made many other derogatory remarks about him.

To impute the crime of theft to a person is actionable

per se without proof of special damages. *Roberts v. Ramsey,* 86 Ga. 432 (12 SE 644) (1890); *Weatherholt v. Howard,* 143 Ga. 41 (84 SE 119) (1914); *Harrison v. Pool,* 24 Ga. App. 587 (101 SE 765) (1919); *Ingram v. Kendrick,* 48 Ga. App. 278 (172 SE 815) (1933); *Atlanta Journal Co. v. Doyal,* 82 Ga. App. 321, 331 (4) (60 SE2d 802) (1950); *Duchess Chenilles, Inc. v. Masters,* 84 Ga. App. 822, 829 (67 SE2d 600) (1951); *Davis v. Macon Telegraph Pub. Co.,* 93 Ga. App. 633 (2) (92 SE2d 619) (1956).

Bow had no burden to prove that his reputation had been damaged by the statements imputing a crime to him. The law infers injury to his reputation. The evidence of witnesses that Bow has a good reputation could not disprove injury to his reputation. This evidence was relevant on the issue of the amount of damages, since libelous statements are certainly more injurious to the reputation of a person of good reputation than to a person of bad reputation. *Augusta Chronicle Pub. Co. v. Arrington,* 42 Ga. App. 746 (3) (157 SE 394) (1930).

We agree with the determination of the Court of Appeals that the evidence authorized the jury verdict, but this finding should not have been placed solely on the testimony of a witness that the false statements "made her wonder" about Bow.

After further consideration of the evidence in the case, we are of the opinion that the verdict was not excessive.[1]

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 19, 1978 — DECIDED JULY 6, 1978 —
REHEARING DENIED JULY 21, 1978.

*Arthur K. Bolton, Attorney General, Michael J. Bowers, Senior Assistant Attorney General,* for appellant.

---

[1] Under a stipulation between counsel the jury returned its verdict in one sum so that the amount of compensatory damages and the amount of punitive damages the jury may have awarded cannot be ascertained.

632

*Dennis T. Cathey, Edward E. Strain, III,* for appellee.