A09A2383. BARNES et al. v. O'CONNELL et al.
(685 SE2d 344)

JOHNSON, Presiding Judge.

Andrew O'Connell and his father, Joseph O'Connell, sued Joe Barnes and Tammy Barnes for slander. A jury awarded Andrew O'Connell $6,000 and awarded Joseph O'Connell $175,000. The Barneses appeal, alleging the $175,000 award to Joseph O'Connell is both unsupported by the evidence and excessive. We disagree and affirm the judgment entered on the jury's verdict.

The evidence shows that the Barneses hired Andrew O'Connell to appraise their coin collection. After spending an entire day cataloging and packaging the coins, Andrew took the coin collection to his father's coin shop, where he, Joseph O'Connell, and another witness appraised the coin collection. Joseph O'Connell owned O'Connells Coins and Jewelry in Columbus. He had worked in the coin business since the age of 14, and he had appraised thousands of coin collections for banks, estates, and individuals. He had an unblemished reputation in the area for 40 years.

Following Andrew O'Connell's appraisal of their coin collection, the Barneses claimed that numerous valuable coins were missing or had been switched by Andrew O'Connell. They reported this to the Columbus Police Department, and Andrew O'Connell was arrested. The Barneses appeared on a local news channel warning others that their valuable coin collection had been stolen by Andrew O'Connell, lamenting that they had known the O'Connells their whole lives and trusted them, and commenting that there were probably other victims out there who had their coins switched during an appraisal. Coin dealers and coin collectors learned of the accusations through television broadcasts accusing the O'Connells of switching the coins and message boards on the Professional Coin Grading Service website blogging about the situation.

"The question of damages is ordinarily one for the jury; and the court should not interfere with the jury's verdict unless the damages awarded by the jury are clearly so inadequate or so excessive as to be inconsistent with the preponderance of the evidence in the case."[1] And an excessive or inadequate verdict is a mistake of fact, rather than of law, and addresses itself to the sound discretion of the trial

---

[1] OCGA § 51-12-12 (a).

judge, who, like the jury, saw the witnesses and heard the testimony.[2] "In fact, the trial court's approval of the verdict creates a presumption of correctness which is not to be disturbed absent compelling evidence."[3]

Here, the Barneses argue that testimony regarding Joseph O'Connell's good reputation refuted the presumption of injury to him, and that there was no evidence of injury to Joseph O'Connell's reputation authorizing the recovery of damages. However, to impute the crime of theft to a person is actionable per se without proof of special damages.[4] Thus, the law infers injury to Joseph O'Connell's reputation, and he had no burden to prove that his reputation had been damaged by the Barneses' statements imputing a crime to him.[5] While evidence of Joseph O'Connell's good reputation was relevant on the issue of the amount of damages, it did not disprove injury to his reputation.[6]

Viewing the evidence in the record, which included proof of intentional wrongdoing by the Barneses to the detriment of Joseph O'Connell, and in the absence of any showing of prejudice or bias or corrupt means of reaching the verdict or any abuse of the trial court's discretion in refusing to overturn the verdict, we cannot say the verdict was excessive as a matter of law.[7] The Barneses' contention that the $175,000 judgment is out of proportion to the $6,000 judgment for Andrew O'Connell can be explained by the fact that Joseph O'Connell owns the coin shop whose reputation was damaged and the fact that Andrew O'Connell was out of the coin business and only appraised coins sporadically.

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

## DECIDED OCTOBER 7, 2009.

*William J. Mason*, for appellants.
*Michael E. Garner*, for appellees.

---

[2] See *Moody v. Dykes*, 269 Ga. 217, 221-222 (6) (496 SE2d 907) (1998); *Riddle v. Golden Isles Broadcasting*, 292 Ga. App. 888, 889 (1) (666 SE2d 75) (2008) (physical precedent only).
[3] Id. at 222.
[4] See OCGA § 51-5-4; *Melton v. Bow*, 241 Ga. 629, 630-631 (247 SE2d 100) (1978).
[5] Id. at 631.
[6] Id.
[7] *American Family Life Assurance Co. v. Queen*, 171 Ga. App. 870, 873 (5) (321 SE2d 750) (1984).