Holcombe *vs.* Roberts.

No. 116.—WILLIAM HOLCOMBE, plaintiff in error, *vs.* GEO. W. ROBERTS, defendant.

[1.] All actions of slander may be brought under *Jones' Forms;* and the writ or complaint will be deemed and held to be sufficiently technical and full, provided it be in the terms of the Act. Every thing else necessary for the maintenance of the action, may be supplied by the proof.

[2.] In slander, under *Jones' Forms,* the omission of colloquium is no good ground in arrest of judgment after verdict.

[3.] A party suing out a bill of exceptions, is not strictly entitled to a *supersedeas* until the bill of exceptions is filed; still, where irreparable injury may result, by carrying the judgment of the Circuit Court instantly into effect, reasonable time should be allowed to make out the bill of exceptions.

Motion, in Floyd Superior Court. Decided by Judge 'TRIPPE, December Term, 1855.

This was a motion in arrest of judgment. Holcombe had sued Roberts for slanderous words. The action was brought in the form prescribed in the Act of 1849–'50, " to curtail and simplify pleadings." The words charged were, " he has sworn a d—d lie and I can prove it." There were no other allegations in the declarations.

The Jury returned a verdict of $1.000 for the plaintiff.

The defendant moved in arrest of judgment, on the ground that the words charged are not actionable *per se*, and the declaration contains no averment to make them so.

The Court sustained the motion and arrested the judgment. While the motion was pending, the security of Roberts (who had been held to bail in the action) came into Court and delivered him up; and when the Court decided the question, plaintiff requested that the defendant might not be discharged until he could make out a bill of exceptions, to take the decision to the Supreme Court. The Court refused the application and discharged the defendant, and both these decisions are alleged as error.

WRIGHT & SHROPSHIRE, for plaintiff in error.

ALEXANDER, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

The proof having been allowed as to the colloquium in this case without objection, we are not prepared to say but that the motion in arrest of judgment came too late, even at Common Law.

[1.] In *Hawks against Patten,* decided at Milledgeville, this Court held that it was not error in the Circuit Judge to allow an action of slander under *Jones' Forms,* to

be amended by supplying the colloquium. But we thought then, and so hold now, that no such amendment was necessary. It was unquestionably the intention of the Legislature to authorize all actions of slander to be brought under the forms prescribed by the Statute; and if this be so, then, according to the repeated adjudications of this Court as to the proper construction of the Act of 1849–'50, it is only necessary for the plaintiff to declare according to the form dictated by the law, and every thing else may be supplied by the proof.

[2.] It is rather amusing to see defendants affect such profound ignorance of the cause of complaint against them, and for which they are summoned to Court, because, forsooth, the *colloquium* is left out of the writ! especially after verdict, when the whole matter has been brought out by the evidence! No such particularity is exacted, even in criminal pleadings.

[3.] As to the discharge of the defendant by the Court, we can only reiterate what this Court said in *Lindsey vs. Lindsey*, (14 *Ga. Rep.* 657,) namely: that a party suing out a bill of exceptions is not entitled to a *supersedeas* until the bill of exceptions is filed; still, we recommended, in strong language, to the Courts, to allow a reasonable time for the bill of exceptions to be made out before the judgment of the Circuit Court is carried into effect, provided irreparable injury may otherwise result.

The last Legislature failed to supply this *casus omissus* in the Act of 1845 organizing this Court.