Ford vs. Johnson.

No. 84.—James N. Ford, plaintiff in error, *vs.* William A. Johnson, defendant in error.

To call a man a rogue is not, *per se*, actionable.

Slander. Decision on demurrer by Judge Powers. Worth Superior Court, October Term, 1856.

The declaration in this case alleged that defendant called the plaintiff "a God damned rogue, and I can prove it."

Defendant demurred to the declaration on the ground that the words were not actionable. The Court sustained the demurrer and non-suited the plaintiff. To which decision plaintiff excepted.

Strozier & Slaughter; and Holman, for plaintiff in error.

Morgan, for defendant in error.

*By the Court.*—Benning J. delivering the opinion.

Were these words actionable, *per se?*

They were if they imputed an offence. *Saunders Pl. & Ev. vol. 2. pt. 2*, 898.

The *common law* does not say that a rogue is a criminal, and therefore it is not slander by the common law to call a man a rogue. *Stark. Sland.* 24.

Tried by the *common law*, then, these words do not impute any offence.

Do they impute an offence when tried by the statute law?

There is, I believe, but one part of the statute law that bears upon the question, and that is the 23d section of the 10th division of the *Penal Code*, a section which is as follows: "If any person shall be apprehended having upon him or her any picklock, key, crow, bit, or other instrument, with intent to break or enter into any dwelling house, ware house, store, shop, coach house, stable, or out house, in order to

steal or commit any other crime; or shall have upon him any pistol, hanger, cutlass, bludgeon, or other offensive weapon, with intent to commit a crime on any person, which, if committed, would be punished by death or confinement in the penitentiary; or shall be found in or about any dwelling house, warehouse, store, shop, coach house, stable or out house, with intent to steal any goods or chatttels, every such person shall be deemed a rogue and vagabond, and on conviction, shall be punished by confinement and labor in the penitentiary for any time not less than one year, nor longer than five years, or by imprisonment in the common jail of the county, at the discretion of the Court." *Cobb Dig.* 817.

The person to whom this section applies, is " to be deemed a rogue and vagabond."

Therefore, to say of any person that he was a rogue *and vagabond*, would be to impute to him an offence; the offence of violating this section of the code, and consequently would be, *per se*, slander.

But to say of a person merely, that he is a *rogue*, is not the same thing as to say of him that he is a *rogue and vagabond.* The word vagabond, as used in the statute, must have some meaning that the word rogue did not have, else why was it used?

And that the word *rogue*, as used in this case, is not equivalent to the words *rogue and vagabond*, is apparent from the *innuendo*, which is, " meaning thereby, that your petitioner had been guilty of larceny, theft or roguery." This innuendo points to another part of the code, the part which relates to larceny; at least, of its three explanatory terms, two, if not all three, so point.

We think, therefore, that to call a man a rogue is not, *per se*, actionable either by the common law or by the statute law.

Judgment affirmed.