## ELSAS vs. BROWNE.

To charge a minister of the gospel with collecting money for a specific object, and, instead of so appropriating it, with embezzling and applying it to his own wrongful uses, is actionable *per se*; if not imputing to him a crime punishable by law, it is certainly charging him with being guilty of a debasing act, which may exclude him from society.

Actions. Damages. Pleadings. Before Judge HILLYER. Fulton Superior Court. April Term, 1881.

Reported in the decision.

HOPKINS & GLENN; S. WEIL, by brief, for plaintiff in error.

L. J. GARTRELL; WRIGHT & DORSEY, for defendant.

CRAWFORD, Justice.

This case comes before this court on a general demurrer to the following declaration, which, after argument had, was overruled by the court, and the defendant excepted:

" GEORGIA—Fulton County.

*To the Honorable, the Superior Court of Fulton County.*

The petition of Edward B. M. Browne showeth that Jacob Elsas, of said county, has injured and damaged your petitioner in the sum of twenty thousand dollars, by falsely and maliciously saying of and concerning your petitioner, on the second day of January, eighteen hundred and eighty-one, the following false and malicious words, to-wit: ' I have heard that on the excursion to Europe, aboard the Silesia, in June last, Browne (meaning your petitioner) collected seventy-five dollars from the passengers, in order to print a paper which was edited on the boat by Browne and others (and meaning by said Browne your petitioner) in memory of the excursion; but Browne (meaning your petitioner) used and embezzled the money (meaning the said seventy-five dollars) for his own wrongful uses, without printing the paper at all, and I will prove it; and such a man is unworthy to be a minister.' Wherefore your petitioner, etc."

Under the law of this state, there are four grounds upon which a suit for slander, or oral defamation, may be maintained. The first is, in imputing to another a crime punishable by law. The second, with having some contagious disorder, or being guilty of some debasing act, which may exclude him from society. The third, in charges in reference to his trade, office, or profession, calculated to injure him therein. By the act of 1847, it is provided that all suits for slander may be prosecuted under a form of action which simply charges the defendant with having said of and concerning the plaintiff certain false and malicious words, setting them out as spoken, and the suit, or complaint, shall be deemed and held sufficiently technical and full, and every thing else material for the maintenance of the action may be supplied by proof. Code, §3397.

In this case the words are set out, and whether the charge of embezzlement, taken with its context, makes

out a crime punishable by law or not, there still remain the words, that he collected seventy-five dollars and used the money for his own wrongful purposes. Were not these words under our law actionable; that is to say, did they not charge him with being guilty of a debasing act, which might exclude him from society? an act calculated to reduce him from a higher to a lower state; lowering him in purity, worth, and honesty, in the estimation of society, sufficiently to exclude him therefrom? It seems so to this court.

The declaration charges him with fraudulently converting seventy-five dollars to his own use, which was an act that might exclude him from society, and certainly ought to do so. Whilst we think that the declaration might have been more technichally drawn, yet the demurrer, being a general demurrer, should not have been sustained.

Judgment affirmed.