26181. RUBENSTEIN *v.* LEE.

DECIDED JUNE 18, 1937.

*Cumming, Harper & Nixon, I. S. Peebles Jr.,* for plaintiff in error.

*Hammond, Kennedy & Yow,* contra.

GUERRY, J. Ethel Lee brought a slander action against Dora S. Rubenstein, alleging that the defendant in the presence of other persons used certain false, defamatory, and slanderous words of the plaintiff, to wit: "You [Anna Belle Miller] and that other

crook, Miss Lee, helped Newman Silver beat my husband out of $500," and at the same time and place: "You and Miss Lee are stockholders, and are just as crooked as Newman Silver, for you helped him beat my husband out of $500." The petition alleged that the words "crook" and "beat" were used and intended to convey the meaning of the defendant that the plaintiff was a cheat, swindler, and thief, and had cheated, swindled, and defrauded the husband of the defendant, in violation of the criminal statutes and laws of the State of Georgia. No special damages were prayed for. No demurrer to the petition was filed, and on the trial the jury returned a verdict in favor of the plaintiff. The defendant made a motion in arrest of judgment, "upon the ground that the words which plaintiff alleged were spoken of her by the defendant were not slanderous, and therefore plaintiff's petition sets forth no cause of action against the defendant."

In *Harbin* v. *Hunt*, 151 *Ga.* 60 (3) (105 S. E. 842), it was said: "If . . the defendant passes over, without demurring, a petition which does not set forth a cause of action, he may still attack the same on this ground by an oral motion to dismiss the case at any time before verdict; and after verdict, by motion in arrest of judgment, by direct bill of exceptions, or by motion to set aside the judgment." In *O'Connor* v. *Brucker*, 117 *Ga.* 451 (43 S. E. 731), it was said: "The . . case of *Kelly* v. *Strouse*, 116 *Ga.* 872 (4), adjudges that no technical rule, or failure to demur or to plead, will authorize the courts to impose a liability on the defendant, where, from the facts stated in the petition, or from the facts as they appear in evidence, there is no liability in law. Advantage ought to be taken of such defects by demurrer. It saves the time of the country and the expense incident to a trial. Raising such issues by demurrer is not only proper, but it is in the interest of the parties and of the country alike. Civil Code, § 5048. But if no demurrer or plea is filed, and if judgment is rendered by default, on a petition which sets out no cause of action, the defendant may even then move in arrest of judgment. Of course, in such case every intendment will be in favor of the verdict, and all amendable defects will have been cured thereby." "A motion to set aside a judgment does not question the competency or sufficiency of the evidence which induced the judgment." *Penn* v. *McGhee*, 6 *Ga. App.* 631

(4) (65 S. E. 686). The plaintiff in error contends that the language complained of did not constitute words actionable per se, and that no special damages were alleged, therefore that the petition set out no cause of action, and consequently that a verdict founded on such petition is contrary to law. In *Jones* v. *Bush,* 131 *Ga.* 421 (62 S. E. 279), the defendant was charged with "going out here and stealing the widow Kierce's land." No special damages were prayed for. In discussion of the questions presented, the court said: "For instance, this petition may have been amended by an allegation of special damage." In *Whitley* v. *Newman,* 9 *Ga. App.* 89 (70 S. E. 686), it was held: "When it is questionable whether words alleged to be slanderous impute a crime, . . the question should be submitted to the jury." In the opinion it was said: "When a crime is charged in a conversation, the descriptive averments by which the crime must be designated are not required to be stated with the distinctness necessary in an indictment. . . The statement must not only be such as may possibly convey to the auditor the impression that the crime in question is being charged, but must be couched in such language as might reasonably be expected to convey that meaning to any one who happened to hear the utterance." "Words alleged to have been spoken are to be taken in the sense which is most natural and obvious, and in which those to whom they are spoken will be sure to understand them." *Nicholson* v. *Dillard,* 137 *Ga.* 225, 231 (73 S. E. 382). The words used in the present case, may be understood in a double sense, to wit, merely as general words of abuse, or as charging the plaintiff with having been guilty of the crime of cheating and swindling. Webster's Dictionary defines a "crook" to be "a person given to crooked or fraudulent practices; a swindler, sharper, thief, forger, or the like." According to the same dictionary the word "beat" is sometimes defined as "to cheat, to chouse, to swindle, to defraud," and especially may this meaning be attached to the word when used with the word "out," as in the present case. To call a man a thief is actionable per se, without the addition of a colloquium. *Roberts* v. *Ramsey,* 86 *Ga.* 432 (12 S. E. 644).

It is a good defense in such case if the defendant can satisfy the jury that the words used were not intended to impute crime, but merely as general words of abuse, and meant no more than

"rogue" or "scoundrel," and were so understood by all who heard the conversation. Innuendo may explain what is ambiguous or of doubtful meaning, but it can not enlarge the meaning of the words plainly expressed therein. "If such language is plain and unambiguous, and does not impute a criminal offense, its meaning can not be enlarged and extended by an innuendo. If it is capable of being understood in a double sense, the one criminal and the other innocent, the plaintiff may by proper allegation aver the meaning with which he claims that it was published, and the jury may find whether it was published with that meaning or not. *Park* v. *Piedmont &c. Insurance Co.*, 51 *Ga.* 510, 513." *Spence* v. *Johnson*, 142 *Ga.* 267 (82 S. E. 646, Ann. Cas. 1916A, 1195). The petition in the present case alleges that these words so used were intended to convey the meaning that the plaintiff was a cheat and swindler, and had cheated and swindled the husband of the defendant out of a named sum of money. If the jury should find that such was the case, a criminal offense, to wit, cheating and swindling, was charged, and the words so used became actionable per se without any allegation of special damage. The Code, § 26-7410, declares: "Any person using any deceitful means or artful practice, other than those which are mentioned in part XII of this title, by which an individual, or a firm, or a corporation, or the public is defrauded and cheated, shall be punished as for a misdemeanor," and takes in any deceitful means and artful practices by which one injures and defrauds another. In *Ford* v. *Johnson*, 21 *Ga.* 399, cited by counsel for the plaintiff in error, it will be noted that it was alleged that the plaintiff was called a "rogue" by the defendant. At that time, under our penal statute, certain named actions constituted a person a "rogue and a vagabond." Merely calling the plaintiff a rogue did not per se impute a crime. A different conclusion might have been demanded had the petition alleged that defendant had said, in the presence of others, that the plaintiff had committed certain acts which might of themselves have constituted the plaintiff a "rogue and a vagabond." "Words which are doubtful or even innocent in themselves, if they be proven to have a criminal signification according to the common understanding of them, will support an action of slander." *Cooper* v. *Perry, Dudley* (*Ga.*), 247. If the words "dirty crook," as applied to another, and that such other

"beat my husband out of $500," when taken in the sense that is most natural and obvious, may be held by the jury to charge a criminal offense of cheating and swindling, then a crime per se is charged against the plaintiff, and no special damage need be alleged. *Little* v. *Barlow, 26 Ga.* 423 (71 Am. D. 219); *Giddens* v. *Mirk,* 4 *Ga.* 364; *Pugh* v. *McCarty,* 40 *Ga.* 444. The petition in this case so states a cause of action as to prevent the grant of a motion in arrest of judgment after a verdict rendered. The evidence for the plaintiff discloses that the defendant used to another, about the plaintiff, these words: "You know those two girls [speaking of Miss Miller and Miss Lee, the plaintiff], that they are dirty crooks; that they helped Newman Silver steal $500 from my husband." The jury was authorized to find that it was the intention of the defendant to impute a crime to the plaintiff; and a verdict for the plaintiff is supported, though no special damages were prayed for or proved. The court did not err in excluding certain evidence complained of in the motion for new trial. It showed no relation of the plaintiff thereto, nor did it throw any light on the true character of the case. It was not privileged as between the parties to this action. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*