### 43653. DICKEY v. BRANNON.

JORDAN, Presiding Judge. The sole issue before this court is whether the lower court erred in dismissing the petition as failing to state a claim. The petition, as amended, alleges that George Brannon has injured and damaged J. G. Dickey in the sum of $100,000 "by falsely and maliciously saying of and concerning your petitioner between the dates of December 2 and December 10, 1965, the following false and malicious words in reference to plaintiff's trade, said words being calculated to injure plaintiff in his said trade, to wit: that your petitioner (who was a contractor and builder of apart-

ments) had gone behind the said George Brannon's back and deceitfully placed a second mortgage on the Forest Park Manor Apartments and that he, the said George Brannon (who was attorney for, stockholder and director of South Side Atlanta Bank, the holder of the first mortgage on the said apartments) intended to foreclose the first mortgage on him, your petitioner." *Held:*

1. The petition is in the language of the "Jack Jones" form for slander specified by the Act approved on January 29, 1850. See Cobb's Digest, 1851, p. 492; editorial note preceding Code Ch. 81-1. "It was unquestionably the intention of the legislature to authorize all actions of slander to be brought under the forms prescribed by the statute; and if this be so, then, according to the repeated adjudications of this court as to the proper construction of the Act of 1849-'50, it is only necessary for the plaintiff to declare according to the form dictated by the law, and everything else may be supplied by the proof." *Holcombe v. Roberts,* 19 Ga. 588, 590; see *Elsas v. Browne,* 68 Ga. 117, 118; *Hurt & Quinn, Inc. v. Keen,* 89 Ga. App. 4 (1) (78 SE2d 345).

2. "Slander, or oral defamation, consists, first, in imputing to another a crime punishable by law; or, second, charging him with having some contagious disorder, or being guilty of some debasing act which may exclude him from society; or third, in charges made against another in reference to his trade, office, or profession, calculated to injure him therein; or, fourth, any disparaging words productive of special damage flowing naturally therefrom. In the last case, the special damage is essential to support the action; in the first three, damage is inferred." *Code* § 105-702.

3. The statement from Odgers on Libel and Slander, p. 61, "If merely fraud, dishonesty, immorality, or vice be imputed, no action lies without proof of special damage" appearing in *Roberts v. Ramsey,* 86 Ga. 432, 433 (12 SE 644), and quoted with approval in other cases, is used in the treatise in context to distinguish such acts from words showing the commission of a crime. Such a distinction is equally applicable to general charges of fraud, dishonesty, immorality, or vice, falling short of the second and third definitions. Thus, within the terms of *Code* § 105-702, we think such a statement would be applicable only to the fourth definition, where special damage is essential to support the action. See *Ford v.*

*Lamb,* 116 Ga. 655, 656 (42 SE 998); *Van Epps v. Jones,* 50 Ga. 238.

4. The petition in the present case expressly places the alleged defamation under the third definition, i.e., in reference to the plaintiff's trade, as to which damage may be inferred, and special damage is not essential to support the action. See *May v. Jones,* 88 Ga. 308, 310 (14 SE 552, 15 LRA 637, 30 ASR 154); *Gershon & Green v. Mendel,* 37 Ga. App. 650 (2, 3) (141 SE 328); *George v. Ga. Power Co.,* 43 Ga. App. 596 (3, 4) (159 SE 756). "The rule that words falsely spoken of one in reference to his trade, office, or profession are actionable per se is not merely an arbitrary one. It grows out of the fact that the position of a person may render him peculiarly subject to injury; that words may have an added likelihood to do injury when said of one in reference to a trade, office or profession, rather than when merely said of him as an individual; and that, where it touches such a person in that position, it tends directly to injure him in his vocation or occupation." *Spence v. Johnson,* 142 Ga. 267, 273 (82 SE 646, AC 1916A 1195).

5. No innuendo being alleged as to the meaning of the words used in the present case, we think the generally accepted meaning is controlling. To publish falsely of another in reference to his business that he has mortgaged his property, nothing more appearing, is not actionable per se, without allegations of special damage. *Dun & Co. v. Weintraub,* 111 Ga. 416 (36 SE 808, 50 LRA 670). But to say falsely that he went behind another's back and "deceitfully placed a second mortgage," and that the holder of the first mortgage intends to foreclose, implies a dishonorable and discreditable course of conduct, and contemplated action resulting therefrom which might adversely affect his business activities. Deceit is defined in the Merriam-Webster New International Dictionary, Second Edition, as any trick, collusion, contrivance, false representation, or underhand practice, used to defraud another. We think that to charge falsely that one has acted deceitfully in conducting his business affairs is actionable per se, and that the trial judge erred in dismissing the petition.

*Judgment reversed. Pannell and Deen, JJ., concur.*

Submitted May 8, 1968—Decided June 5, 1968—
Rehearing denied June 20, 1968—

*J. G. Dickey,* for appellant.

*Grant, Spears & Duckworth, Hulett H. Askew,* for appellee.