49393, 49394. SMITH v. MOELLER; and vice versa.

DEEN, Judge.

1. Agreements not to be performed within one year from their execution must be in writing, with certain exceptions, such as that "one party to the contract performs some act essential to the performance of the contract which results in loss to him and benefit to the other." Code § 20-402 (3); *Yarborough v. Hi-Flier Mfg. Co.,* 63 Ga. App. 725 (12 SE2d 133).

2. "A verdict may only be directed in situations where if there were a determination the other way it would have to be set aside by the court." *State Farm Mutual Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878).

3. Plaintiff Moeller imported for sale an expensive automated facility for producing poultry and eggs, capable of being erected on the owner's farm. He had one on his farm which he invited prospective buyers to examine, and was desirous of having others purchased and also used for display in other neighborhoods. Smith was very interested, intended purchase, and had talked about the facility with various friends and had brought some of them to look at it. Thereafter he underwent

surgery which put an end to his active participation. According to his testimony, Moeller then suggested he sell the equipment, since he was interested, and promised him a 10% commission on cost of the machinery involved. Smith testified: "I told him I thought I had two people that might go ahead and build. It was no promise, it was just something in the works." Q. "Did he specifically mention that if you got these two jobs signed up that he would pay you 10% commission on these? A. Yes, sir." The "two jobs" referred to farmers Wilson and Jacobs, both of whom eventually purchased. Smith demanded $8,631.60 as 10% of the machinery price. Moeller contended both that Smith was not the procuring cause of the sales and that he had not promised him a commission, only a discount if he personally purchased machinery. He did, however, give Smith's wife a check for $4,000 as an accord and satisfaction, but, determining the next day that Smith would accept the check as part payment only, he stopped payment on it. Smith sued for commissions and the trial court directed a verdict in favor of the defendant.

(a) Agency may be proved by circumstantial evidence. *Bearlund v. Webb,* 127 Ga. App. 555, 557 (194 SE2d 328). It is uncontroverted that Smith did exercise himself to recommend the equipment to his neighbors, and also that the arrangement which Smith asserts and Moeller denies was later offered to one of the purchasers, although on a 5% rather than a 10% commission. It is also undisputed that he offered money to the plaintiff, although he denies the purpose of the offer. From these and other facts a jury issue remained as to whether the defendant and plaintiff had such an oral agreement, and what, if anything, the plaintiff did to effectuate it.

(b) Should the jury find such an agreement, with performance on the part of the plaintiff, it would be irrelevant that the prospective purchasers were not informed of the relation in advance. This is not a brokerage contract, but one for services to be rendered the seller by procuring purchasers.

4. Defendant Moeller counterclaimed against the plaintiff, alleging that he is engaged in the business of selling automatic egg cage equipment, that he is a

businessman ·of honesty and integrity; that plaintiff falsely slandered him by representing to farmers anu prospective customers that he was dishonest and his equipment defective and unreliable, and that he is entitled to damages of $10,000. The pleading sets forth a claim for general damages because of oral defamation calculated to injure one in his trade, office, or profession. Code § 105-702; *Dickey v. Brannon,* 118 Ga. App. 33, 35 (4) (162 SE2d 827). It was also error to refuse to receive evidence in support of the counterclaim and to direct a verdict on the pleadings in favor of the defendant.

*Judgment reversed in both appeals. Eberhardt, P. J., and Stolz, J., concur.*

Submitted May 29, 1974 — Decided June 19, 1974.

*Johnston & Brannen, Sam L. Brannen,* for appellant.
*Allen, Edenfield, Brown & Franklin, Charles H. Brown,* for appellee.