## A02A2212. BELLAH v. PETERSON.
### (576 SE2d 585)

MIKELL, Judge.

Harley Peterson filed suit against Gordon Bellah in 1990, alleging that Bellah's dogs killed 21 of his cows in 1986. Peterson sought $15,000 in actual damages and $50,000 in punitive damages. Bellah's answer denied the allegations, raised a statute of limitation defense, and notified Peterson that he would seek an award of attorney fees under OCGA § 9-15-14. Peterson filed a demand for a jury trial in May 1993. Bellah died approximately three years later, in July 1996, and his widow, Fay Bellah, was substituted as a party defendant. The record shows that Mr. and Mrs. Bellah spent approximately $2,500 to retain counsel to defend the suit. The case was called for trial on December 6, 2001; however, Peterson and his counsel failed to appear, and the trial court dismissed the case with prejudice. Mrs. Bellah moved for an award of attorney fees under OCGA § 9-15-14, and, after a hearing, the trial court denied the motion. Mrs. Bellah appeals, arguing that the trial court erred in denying her motion for attorney fees under the mandatory provision of OCGA § 9-15-14 (a) and in failing to make findings of fact. We affirm.

1. Contrary to Mrs. Bellah's argument, the trial court did not err as a matter of law by denying her motion for attorney fees under OCGA § 9-15-14 (a). That Code section provides:

> reasonable and necessary attorney's fees and expenses of litigation *shall* be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed *such a complete absence of any justiciable issue of law or fact* that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position.

(Emphasis supplied.) Inherent in the denial of a motion for fees under OCGA § 9-15-14 (a) is a determination by the trial court that there does not exist "such a complete absence of any justiciable issue of law or fact." *Hyre v. Denise*, 214 Ga. App. 552, 556 (10) (b) (449 SE2d 120) (1994). "A prevailing party is not perforce entitled to an award of attorney fees under this statutory subsection." Id.

Generally, we review a trial court's ruling on an OCGA § 9-15-14 (a) motion for attorney fees under the "any evidence" standard, whereby if any evidence exists to support the trial court's denial of the motion, it must be affirmed. *Mitcham v. Blalock*, 268 Ga. 644, 648 (5) (491 SE2d 782) (1997); *Hyre*, supra; *Southern R. Co. v. Reese*, 199 Ga. App. 863 (407 SE2d 139) (1991). However, this case is unusual because no evidence was presented at all on the merits of Peterson's

claims. In fact, Mrs. Bellah has failed to point to any evidence in the record demonstrating a complete absence of any justiciable issue of law or fact with respect to the action filed against her late husband. "As [Mrs. Bellah] neither asserted facts giving rise to a claim under OCGA § 9-15-14 in her motion nor supported her motion with evidence establishing such a claim, no award under OCGA § 9-15-14 was authorized." *Williams v. Binion*, 227 Ga. App. 893, 894 (2) (490 SE2d 217) (1997). Further, it is well settled that "[t]he burden is on the party alleging error to show it affirmatively by the record and when the burden is not met, the judgment complained of is assumed to be correct and must be affirmed." (Citation and punctuation omitted.) *White v. Arthur Enterprises*, 219 Ga. App. 124 (2) (464 SE2d 225) (1995). See also *Tahamtan v. Sawnee Elec. Membership Corp.*, 228 Ga. App. 485 (491 SE2d 918) (1997). Here, Mrs. Bellah has failed to show error affirmatively by the record.

It is reprehensible that Peterson and his counsel failed to appear for trial after Mr. and Mrs. Bellah were forced to expend time and resources preparing a defense to the lawsuit. However, in the absence of any evidence demonstrating that Peterson's claim lacked any justiciable issue of law or fact, we must affirm the trial court's ruling under OCGA § 9-15-14 (a).

2. Next, Mrs. Bellah contends that the trial court erred in failing to make findings of fact in connection with its ruling. Again, we find no error.

The law is clear that findings of fact are required when a trial court grants an award of attorney fees. *La Petite Academy v. Prescott*, 234 Ga. App. 32, 34 (2) (506 SE2d 183) (1998) (case remanded so that trial court could enter order specifying conduct giving rise to award of attorney fees); *Boomershine Pontiac-GMC Truck v. Snapp*, 232 Ga. App. 850, 851-852 (1) (503 SE2d 90) (1998) (award of fees vacated because trial court failed to set forth the findings necessary to support it). However, Mrs. Bellah has failed to cite a single case requiring that such findings be made when the court declines to award fees, and our research reveals none. Accordingly, we cannot conclude that the trial court erred as a matter of law by not entering findings of fact in connection with its denial of Mrs. Bellah's motion for attorney fees.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JANUARY 10, 2003.

*William R. Latson*, for appellant.

*Maddox, Nix, Bowman & Zoeckler, John A. Nix, Marvin J. Harkins*, for appellee.