### A05A0427. TEKLEWOLD v. TAYLOR.
(610 SE2d 617)

BLACKBURN, Presiding Judge.

In this action for personal injuries, defendant Yidnekachew Teklewold appeals the trial court's decision to direct the verdict against him and to award $28,250 to the plaintiff, thereby overturning a jury verdict and corresponding judgment of zero damages. On appeal, Teklewold argues that the directed verdict was in error because (1) the proof offered to establish damages was uncertain and

(2) some evidence showed the plaintiff's injuries were not caused by Teklewold. We agree and reverse.

The standard in reviewing a trial court's decision to grant a directed verdict is well established:

> A motion for directed verdict should not be granted where there exists even slight material issues of fact, because the trial court is substituting its judgment for the jury's; only when there is an absence of evidence or when no evidence supports an essential element of the case should a directed verdict be granted, because the trial judge takes the determination of the facts from the jury. The appellate review of directed verdicts is based upon the "any evidence" rule to support the case of the nonmoving party; when there is "any evidence," a directed verdict must be reversed. The direction of a verdict is proper only where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. When there is opinion evidence, circumstantial evidence, presumptions of fact, or evidence subject to more than one reasonable construction, the appellate courts shall carefully scrutinize the grant of a directed verdict, because such evidence may be construed as providing the "any evidence" creating a jury question.

(Citations and punctuation omitted.) *Hodges v. Vara.*[1] See OCGA § 9-11-50 (a).

Construed in favor of Teklewold, the evidence shows that Teklewold experienced an epileptic seizure while driving his car, resulting in his car coming to rest against a house with its wheels spinning and the car smoking. Mark Taylor, a police officer, was called to the scene and removed Teklewold, who was still experiencing the seizure, from the vehicle. Taylor alleged that Teklewold struggled during the encounter and wrenched Taylor's arm, resulting in its dislocation and requiring Taylor to undergo extensive surgery and recovery period.

Taylor sued Teklewold, alleging that Teklewold negligently failed to take his prescribed medication, which resulted in the seizure and in his struggle that caused the injury to Taylor's shoulder. Though Teklewold answered the complaint, he wholly failed to respond to Taylor's subsequent discovery requests and to oppose Taylor's consequent motions for discovery sanctions. At the duly-noticed hearing on the matter, Teklewold and his counsel failed to appear, resulting in

---

[1] *Hodges v. Vara*, 268 Ga. App. 815, 818 (1) (a) (603 SE2d 327) (2004).

the striking of Teklewold's answer and in the entry of default judgment against Teklewold on the issue of liability. As set forth in the pre-trial order, only the issue of what damages resulted from Teklewold's negligence remained to be tried. Taylor sought general damages as well as special damages of $16,884.20 in medical expenses and $21,315.75 in lost wages. Teklewold claimed that Taylor's damages did not result from his struggles with Teklewold and were in any case exaggerated.

At the close of all the evidence, Taylor moved the court for a directed verdict on the issue of special damages, claiming that the evidence was unrebutted that Taylor's medical bills were $7,250 and that his lost wages were $21,000 ($7,500 from his police job and $13,500 from a part-time security job). Teklewold responded that the evidence was disputed whether the claimed damages were caused by Teklewold. The court deferred ruling on the motion until after the jury had returned its verdict.

Following deliberations, the jury awarded Taylor zero damages in all categories of compensation sought. Although the court initially denied the directed verdict motion and entered judgment in favor of Teklewold on April 23, 2004, the court within the same term set aside that judgment, granting Taylor's directed verdict motion and entering a judgment in Taylor's favor in the amount of $28,250. Teklewold appeals.

1. The trial court erred in granting a directed verdict on special damages for two separate and independent reasons.

(a) *Special Damage Amounts Are Uncertain.* First, Taylor's evidence of those damages was too uncertain to authorize the court to enter a directed verdict on damages. Submitting no documentary evidence of special damages, Taylor relied solely on his own oral testimony to prove their amounts. Yet in each description of a damage amount, Taylor was equivocal in that testimony. Regarding the lost police job wages, he said that the amount was *"around* $7,500." (Emphasis supplied.) His counsel asked him only to *approximate* the lost wages from the part-time job, and he responded that the amount "was *around* $13,500." (Emphasis supplied.) His counsel also asked him only to *approximate* the medical expense amount, to which he replied, "I *think* it was *around* $7,250." (Emphasis supplied.) No other evidence supported these special damage figures.

Moreover, Taylor's own arithmetic calculations on the lost wages from his police job were manifestly inaccurate. He testified, "Just from on duty time was 50 hours of lost work at $18.36 an hour. It's around $7,500." However, $18.36 multiplied by 50 equals $918, not $7,500. Taylor's counsel stated during his post-evidentiary motion for directed verdict that Taylor had testified that he lost 50 days, not 50

hours. The transcript belies this statement.[2]

A directed verdict on the amount of special or liquidated damages is proper only "[w]here the amount of damages recoverable appears from the undisputed evidence *to be certain.*" (Punctuation omitted; emphasis supplied.) *West v. Nodvin.*[3] See *Cotton States Mut. Ins. Co. v. Brightman.*[4] As set forth above, Taylor's testimony concerning his lost wages damages and his medical expense damages (which differed substantially from the medical expense figure listed in the pre-trial order), was anything but certain and in fact at times was glaringly inaccurate. Accordingly, the trial court lacked the authority to enter a directed verdict that relied upon those amounts as certain.

(b) *Some Evidence Showed Taylor's Injuries Were Not Caused By Teklewold.* Second, some evidence showed that Taylor's shoulder injury was not caused by Teklewold's negligence. Based on Taylor's treating physician's records, Taylor told the physician that the shoulder injury was caused by Taylor losing his footing when he attempted to stand up at the accident scene. The physician confirmed that a shoulder injury like that experienced by Taylor could be caused by a person's slipping and falling. In recounting the incident to his girlfriend, Taylor said nothing of Teklewold's causing same but simply stated that he (Taylor) had injured his shoulder badly. This provided the jury with some evidence, though slight, that Taylor's injury was caused by Taylor losing his balance or footing after the struggle, not by Teklewold wrenching Taylor's arm during the struggle. Thus, despite the default order that determined liability in favor of Taylor, the damages evidence showing that Taylor's injuries were caused by something other than Teklewold's admitted negligence supported the jury verdict awarding zero damages to Taylor. See *Gibbs v. Abiose.*[5] The countervailing evidence, substantial though it was, could be disbelieved by the jury and did not authorize the court to grant a directed verdict. See *Ogletree v. Navistar Intl. Transp. Corp.*[6] ("[w]here there is any evidence upon which the verdict can be based, the jury is free to disbelieve whatever facts are inconsistent with their conclusion and the court cannot substitute its conclusion for that of the jury and enter a judgment notwithstanding the verdict") (punctuation

---

[2] Even if counsel's representation of the record were true, 50 eight-hour days would equal 400 hours, which multiplied by $18.36 per hour would equal $7,344 − not the $7,500 figure relied on by the trial court in its directed verdict order.

[3] *West v. Nodvin*, 196 Ga. App. 825, 831 (4) (c) (397 SE2d 567) (1990), overruled in part on other grounds, *Felix v. State*, 271 Ga. 534 (523 SE2d 1) (1999).

[4] *Cotton States Mut. Ins. Co. v. Brightman*, 256 Ga. App. 451, 456 (3) (568 SE2d 498) (2002) (physical precedent only), aff'd, 276 Ga. 683 (580 SE2d 519) (2003).

[5] *Gibbs v. Abiose*, 235 Ga. App. 214, 217 (2) (508 SE2d 690) (1998).

[6] *Ogletree v. Navistar Intl. Transp. Corp.*, 271 Ga. 644, 647 (522 SE2d 467) (1999).

omitted). Cf. *Eberhardt v. Bennett*[7] (although jury may not *disregard* unimpeached testimony, it has the "utmost liberty" to *disbelieve* same).

2. Accordingly, we reverse the directed verdict order and corresponding judgment and direct the trial court to reinstate its original April 23, 2004 judgment of no damages. This ruling moots Teklewold's remaining enumerations of error.

*Judgment reversed. Miller and Bernes, JJ., concur.*

DECIDED FEBRUARY 16, 2005.

*Divida Gude*, for appellant.
*David B. Hornsby, Timothy I. McEwing*, for appellee.

