A06A2308, A06A2309. CHONG v. REEBAA CONSTRUCTION COMPANY, INC.; and vice versa.

(645 SE2d 47)

BERNES, Judge.

Reebaa Construction Company, Inc. filed the instant lawsuit against Chang Sop Chong, seeking recovery of funds allegedly owed for construction and renovation services that it performed at Chong's home. Chong filed an answer and counterclaim. Following a jury trial, the jury found in favor of Reebaa Construction in the amount of $154,954.63 on its breach of contract claim and $140,112 on its attorney fees claim, plus prejudgment interest. The trial court entered judgment based on the verdict, and denied Chong's motion for new trial.

In Case No. A06A2308, Chong appeals, arguing that (1) the evidence was insufficient to sustain the verdict and entry of judgment; (2) a trial witness for Reebaa Construction was erroneously allowed to testify and refresh his recollection using documents that

had not been produced during discovery; and (3) the award of attorney fees was erroneous. In Case No. A06A2309, Reebaa Construction cross-appeals, contending that the trial court erred (1) in granting Chong's motions for directed verdict as to its claims for defamation and slander per se, tortious interference with business relationships, and punitive damages; (2) in failing to find Chong in contempt or to issue a protective order for Chong's harassment and intimidation of witnesses; and (3) in failing to grant Reebaa Construction's motions for attorney fees. For the reasons that follow, we affirm in part and reverse in part.

## Case No. A06A2308

1. Chong contends that the trial court should have granted his motion for new trial on the ground that the evidence was insufficient to sustain the verdict. "We apply the 'any evidence' standard in reviewing a trial court's judgment on a motion for new trial and construe the evidence most favorably toward the party opposing the motion." *James E. Warren, M.D., P.C. v. Weber & Warren Anesthesia Svcs.*, 272 Ga. App. 232, 237-238 (3) (612 SE2d 17) (2005).

So viewed, the evidence adduced at trial shows that in February 2003, the parties entered into an oral agreement whereby Reebaa Construction agreed to renovate and finish the basement level of Chong's residence. James Wang, the president of Reebaa Construction, met with Chong to discuss the project. Wang asked Chong to sign a written contract for the project, but Chong, a licensed attorney, refused and stated that they should instead base their agreement on "honor" and "trust."

In the beginning, Chong requested a simple construction, consisting of plain sheetrock walls, standard ceilings, and inexpensive cabinets for the basement kitchen. Chong approved Reebaa Construction's "Construction Memo and Job List," reflecting a total construction fee of $96,208, and instructed Reebaa Construction to begin work on the project.

Almost immediately after the construction began, Chong began to order substantial changes and upgrades, which delayed completion and increased costs for the project. Although Reebaa Construction did not inform Chong of specific costs associated with the alleged work, it did advise that the change orders and upgrades would cause additional expense and time. Chong informed Reebaa Construction representatives that "money [was] no[ ] object" and instructed them to do the work and bill him when the project was complete.

As the project progressed, Chong expressed satisfaction with the work, and while he later complained about the timeliness of the project's progression, he never complained about the quality of the

workmanship. Through the course of the project, Chong made periodic payments to Reebaa Construction totaling $108,000.

In the late summer of 2003, the relationship between the parties declined. In September 2003, Reebaa Construction departed from the job site, but requested to return to complete minor punchlist work. Chong refused to allow Reebaa Construction's workers back onto the property.

On October 31, 2003, Reebaa Construction submitted an invoice to Chong for the balance due on the contract. The invoice reflected a total construction price of $236,982 and a balance due of $128,982. Chong did not pay the bill, but instead requested additional repairs. Reebaa Construction hired an engineer to inspect the items which Chong sought to have repaired. The engineer testified that he had observed some defects, but upon further inquiry, Chong had responded that there was no problem with several of his other requested repair items.

When Chong failed to render payment of Reebaa Construction's invoice, the instant collection suit was instituted. Following trial, Reebaa Construction's claim was submitted to the jury on alternate theories of breach of contract and quantum meruit. The jury returned a verdict in Reebaa Construction's favor on the breach of contract claim.

(a) *Breach of Contract.* Chong claims that the evidence was insufficient to sustain the verdict as to the breach of contract claim. Specifically, Chong argues that the evidence failed to demonstrate that there was a mutual assent by the parties as to price.[1] We agree.

Here, it is undisputed that Reebaa Construction failed to inform Chong of a specific price for the change orders and upgrades prior to performance. While Chong agreed to pay upon being billed for this additional work, the evidence shows that no specific price was quoted and agreed upon. "[A] contract is not complete and enforceable until there is a meeting of the minds as to all essential terms." *Lifestyle Family, L.P. v. Lawyers Title Ins. Corp.*, 256 Ga. App. 305, 308 (1) (568 SE2d 171) (2002), rev'd on other grounds, *Mitchell Realty Group v. Holt*, 266 Ga. App. 217 (596 SE2d 625) (2004). "[A]s price is an essential element of a valid contract, an alleged contract on which

---

[1] Reebaa Construction contends that Chong waived the issue of whether there was sufficient evidence that the parties mutually assented to the contract price because the issue was not raised during trial. We disagree. "The entry of judgment on a verdict by the trial court constitutes an adjudication by the trial court as to the sufficiency of the evidence to sustain the verdict, affording a basis for review on appeal without further ruling by the trial court." OCGA § 5-6-36 (a). See also *Aldworth Co. v. England*, 281 Ga. 197, 199 (2) (637 SE2d 198) (2006) (a party may obtain a new trial on the basis of the insufficiency of the evidence "even if the party failed to move for a directed verdict or new trial in the trial court").

there is no firm agreement as to the price is unenforceable." *Bell-South Advertising &c. Corp. v. McCollum*, 209 Ga. App. 441, 444 (2) (433 SE2d 437) (1993). See also *Progressive Life Ins. Co. v. Reeves*, 89 Ga. App. 900, 902-903 (1) (81 SE2d 519) (1954). Since the trial record reflects that the parties failed to assent to an agreed price for the change orders and upgrades, there was insufficient evidence to sustain the verdict on the breach of contract claim. Id.; *Lifestyle Family, L.P.*, 256 Ga. App. at 308-309 (1). Accordingly, the trial court's denial of Chong's motion for new trial must be reversed.

(b) *Quantum Meruit.* Upon retrial of the case, Reebaa Construction also is entitled to seek recovery under the alternative theory of quantum meruit. See *Lifestyle Family, L.P.*, 256 Ga. App. at 309 (2). "[F]or a plaintiff to recover on a claim for quantum meruit, the jury must find that the plaintiff performed services valuable to the defendant and that the defendant accepted those services." (Emphasis omitted.) *Langford v. Robinson*, 272 Ga. App. 376, 379 (1) (612 SE2d 552) (2005). "When the value of the goods and services was not agreed upon prior to performance," the action is properly one for quantum meruit, and "the measure of damages is the reasonable value of [the] services or goods delivered." *Zampatti v. Tradebank Intl. Franchising Corp.*, 235 Ga. App. 333, 344 (10) (508 SE2d 750) (1998).

The record in the present case is replete with evidence that would authorize a jury to find in favor of Reebaa Construction under quantum meruit. It is undisputed that the parties initially agreed to a contract price of $96,208. The evidence further shows that, thereafter, Chong requested numerous change orders and upgrades. Reebaa Construction representatives informed Chong that his requests would significantly increase the cost of the project. Although no specific amount was quoted to Chong at that time, Chong nonetheless told Reebaa Construction's representatives that "money [was] no[ ] object" and instructed them to do the work and bill him when the project was complete. By doing so, Chong agreed to pay for the change orders and upgrades that he requested. Indeed, further evidence that Chong agreed to pay for charges over and above the $96,208 is shown by the fact that Chong admittedly paid $108,000 over the course of the project. This combined evidence, if accepted as true by the jury, would warrant a recovery in quantum meruit.[2] Accordingly, Reebaa Construction is entitled to pursue its quantum meruit claim upon retrial.

---

[2] Although Chong denied that he authorized or requested the change orders, and further denied agreeing to pay for the extra work, the conflicting testimony as to this issue presents an issue for the jury to resolve. "The obligation to weigh the evidence and to determine witness credibility rests with the jury." *Ailion v. Wade*, 190 Ga. App. 151, 155 (4) (378 SE2d 507) (1989).

2. Chong next contends that the trial court erred in failing to grant its motion for new trial on the ground that Wang, Reebaa Construction's president, refreshed his recollection and testified using documents that had not been disclosed during discovery. In light of our holding in Division 1 reversing the denial of Chong's motion for new trial, this claim is moot.

3. Finally, Chong argues that the trial court erred in entering judgment upon the jury's verdict of $140,000 in attorney fees pursuant to OCGA § 13-6-11. While Chong contends that the award was unauthorized since there was a bona fide dispute between the parties, we do not reach the merits of this issue. In light of our reversal of the damages award on the breach of contract claim in Division 1, the award of attorney fees to Reebaa Construction must also be reversed. "Because litigation expenses (costs and attorney fees) are wholly ancillary, they are not recoverable when no damages are awarded." (Citation and punctuation omitted.) *Hopkinson v. Hopkinson*, 239 Ga. App. 518, 519 (2) (521 SE2d 453) (1999).

### Case No. A06A2309

4. In its cross-appeal, Reebaa Construction argues that the trial court erred in directing a verdict on its claims of defamation and slander per se, tortious interference with business relationships, and punitive damages. A motion for directed verdict is authorized when "there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." OCGA § 9-11-50 (a). "A motion for directed verdict should not be granted where there exists even slight material issues of fact, because the trial court is substituting its judgment for the jury's." *Teklewold v. Taylor*, 271 Ga. App. 664, 665 (610 SE2d 617) (2005). On appeal, we review directed verdicts based upon the "any evidence" rule; if there is any evidence to support the case of the nonmoving party, a directed verdict must be reversed. Id.

Reebaa Construction alleged that Chong tortiously interfered with its business relationships by making slanderous comments about its business to its subcontractors, and that as a result, Chong was liable for an award of punitive damages. Reebaa Construction's claims were based upon the testimony of Jeff English, one of the subcontractors who performed work on the project at Chong's residence. English testified that during a conversation regarding returning to the property to make repairs, Chong stated that "[he] was a liar and a crook just like Reebaa Construction." Furthermore, English testified that this statement affected his decision not to work on other projects for Reebaa Construction.

(a) *Defamation and Slander Per Se.* "Slander per se, in which damages are inferred, consists in part of [i]mputing to another a crime punishable by law" or "[m]aking charges against another in reference to his trade, office, or profession, calculated to injure him therein." OCGA § 51-5-4 (a) (1), (3). A jury could find that Chong's statement that Reebaa Construction was a "crook" constituted slander per se, since it could be understood as charging Reebaa Construction with guilt of the crime of theft by deception, also known as cheating and swindling. *Rubenstein v. Lee*, 56 Ga. App. 49 (192 SE 85) (1937).[3] Likewise, a jury could find that Chong's charge that Reebaa Construction was a "liar" and a "crook" — particularly when made in the context of discussing the construction project for which Reebaa Construction served as the general contractor — was made in reference to Reebaa Construction's trade and thus constituted slander per se on that basis. See *Smith v. Moeller*, 132 Ga. App. 184, 185-186 (4) (207 SE2d 669) (1974); *Dickey v. Brannon*, 118 Ga. App. 33, 35 (4) (162 SE2d 827) (1968).

Citing to *Jaillett v. Ga. Television Co.*, 238 Ga. App. 885, 888 (520 SE2d 721) (1999) in his argument to the trial court, Chong claimed that there was an absence of evidence that the statement made to English was both false and malicious. It is true that

> [t]o be actionable, a communication must be both false and malicious, and the burden of proving a statement's falsity is on the plaintiff. In determining whether a statement is false, defamation law overlooks minor inaccuracies and concentrates upon substantial truth. A statement is not considered false unless it would have a different effect on the mind of the viewer from that which the pleaded truth would have produced.

(Citations and punctuation omitted.) Id. However, "[w]here the language used is actionable per se, malice is implied unless the utterance is privileged, in which case the plaintiff must establish malice." *Duchess Chenilles, Inc. v. Masters*, 84 Ga. App. 822, 829 (4) (67 SE2d 600) (1951). As previously stated, a jury could find that Chong's utterance was actionable per se. Chong did not claim that his utterance was privileged; thus, malice would be implied. Moreover, in light of English's testimony that he had never had any prior bad dealings with Reebaa Construction, but that Chong's statement affected his decision not to work on any other Reebaa Construction

---

[3] Reebaa Construction's complaint failed to set forth a separate cause of action for slander, but its counsel moved to amend the complaint to conform to the trial evidence. OCGA § 9-11-15 (b).

projects, there was evidence that Chong's statement could be considered as false. As such, the trial court's directed verdict in favor of Chong as to Reebaa Construction's slander claim was erroneous.

(b) *Tortious Interference with Business Relations.* Likewise, the trial court's directed verdict as to the tortious interference claim was improper.

> To recover under a theory of tortious interference with business relations, a plaintiff must show defendant: (1) acted improperly and without privilege, (2) acted purposely and with malice with the intent to injure, (3) induced a third party or parties not to enter into or continue a business relationship with the plaintiff, and (4) caused plaintiff financial injury.

(Emphasis omitted.) *Renden, Inc. v. Liberty Real Estate Ltd. Partnership,* 213 Ga. App. 333, 334 (2) (444 SE2d 814) (1994).

> The "improper action" or "wrongful conduct" required to substantiate a tortious interference claim generally involves predatory tactics such as physical violence, fraud or misrepresentation, *defamation,* use of confidential information, abusive civil suits, and unwarranted criminal prosecutions. Where the plaintiff cannot raise an issue of fact as to this first requirement, the tortious interference claim must fail.

(Punctuation and footnote omitted; emphasis supplied.) *Sumter Regional Hosp. v. Healthworks,* 264 Ga. App. 78, 80 (1) (589 SE2d 666) (2003). Reebaa Construction relies upon the alleged slander as the improper action forming the basis of its tortious interference claim.

In moving for a directed verdict in the trial court, Chong argued that Reebaa Construction could not pursue its tortious interference claim on the specific ground that there was no evidence that his statement caused Reebaa Construction financial injury.[4] To the contrary, the evidence reflects that prior to Chong's defamatory comments, Reebaa Construction did six-figure construction jobs with English's company. However, according to English, Chong's defamatory statement affected his decision not to work with Reebaa Construction on other projects from that point onward. Wang testified that, as a result, Reebaa Construction was thereafter limited to

---

[4] When a party moves for a directed verdict on a specific ground, all other grounds not asserted in the court below are waived on appeal. See *Grabowski v. Radiology Assoc.,* 181 Ga. App. 298, 299-300 (2) (352 SE2d 185) (1986).

performing small jobs and its business plummeted. Construed liberally in favor of Reebaa Construction, this testimony rendered a directed verdict on Reebaa Construction's tortious interference claim inappropriate.

(c) *Punitive Damages.* The trial court further directed verdict as to the punitive damages claim, which was derivative of the slander and tortious interference claims. However, since "[p]unitive damages may be awarded . . . in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct [and] malice," the trial court's directed verdict as to the derivative claim for punitive damages also was erroneous. OCGA § 51-12-5.1.

5. Reebaa Construction next contends that the trial court erred in failing to find Chong in contempt and in failing to enter a protective order when Chong harassed and intimidated trial witnesses. Wang and several other trial witnesses submitted affidavits stating that after the trial, Chong made harassing telephone calls and visits to their residences and offices, threatening them and demanding that they retract their trial testimony.

The trial court's contempt powers are enumerated in OCGA §§ 15-1-3 and 15-1-4. "Criminal contempt involves some form of wilful disrespect toward the court; it may involve intentional disregard for or disobedience of an order or command of the court, or it may involve conduct which interferes with the court's ability to administer justice." *In re Spruell*, 227 Ga. App. 324, 325 (1) (489 SE2d 48) (1997). "[C]riminal contempt is a crime in the ordinary sense and the evidence of the contempt must be beyond a reasonable doubt. Contempt is a drastic remedy which ought not to deprive one of [his] liberty unless it rests upon a firm and proper basis." (Citations and punctuation omitted.) *Salter v. Greene*, 226 Ga. App. 384, 385 (1) (486 SE2d 650) (1997).

Reebaa Construction's motion for contempt attached the affidavits of three trial witnesses who alleged that Chong made contact with them after trial and threatened that they would suffer unfortunate consequences if they did not recant their trial testimony. Although the jury verdict and judgment had already been entered, Chong's motion for new trial was pending at the time of the alleged contact. The motion requested that Chong be incarcerated in the Gwinnett County jail for at least 20 days and that the trial court issue a protective order prohibiting any further harassment. The trial court denied the motion.

We do not find that the trial court abused its discretion in failing to find Chong in contempt and in failing to issue a protective order based upon the evidence presented. Although the three witnesses attested that Chong made contact with them after the trial, their

affidavits further reflect that they voluntarily discussed the matter with Chong. The witnesses allowed Chong to enter their homes and/or offices, and they spoke with him at length for time periods ranging from several minutes to 20 minutes. There was no court order forbidding post-trial contact by the parties. While Chong purportedly requested that the witnesses retract what he believed to be false testimony presented at the earlier trial, the witnesses refused to do so. The record of the trial proceedings was not altered and the trial court's ruling on the motion for new trial was unaffected.

Under these circumstances, the trial court was authorized to conclude that Chong had not disobeyed an order of the court and had not interfered with its administration of justice. Therefore, the evidence failed to establish beyond a reasonable doubt that the drastic remedy of criminal contempt was required in this case. For the same reasons, the trial court also did not err in denying the request for a protective order.

6. Lastly, Reebaa Construction contends that the trial court erred in failing to grant its two motions for attorney fees pursuant to OCGA § 9-15-14. Prior to trial, Reebaa Construction filed a motion for attorney fees under OCGA § 9-15-14 for its defense against several of Chong's counterclaims, which ultimately were voluntarily dismissed by Chong and otherwise disposed of by the trial court's order granting partial summary judgment. Thereafter, Reebaa Construction successfully pursued a motion in limine to exclude the testimony of Chong's designated trial expert, David Rutherford. Although Reebaa Construction sought attorney fees in its motion in limine, the trial court reserved ruling on the award until after the trial. Following the jury's award of $140,112 in attorney fees at trial, Reebaa Construction renewed its motions for attorney fees under OCGA § 9-15-14.[5] The trial court denied the motions.

> The court may assess reasonable and necessary attorney[ ] fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct. . . . As used in this Code section,

[5] The trial court previously granted Reebaa Construction attorney fees in the amount of $8,514 for Chong's discovery violations and for his subsequent wilful failure to comply with the court's order compelling payment of the attorney fees.

"lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.

OCGA § 9-15-14 (b). We review the trial court's decision as to attorney fees under the abuse of discretion standard. *Bankhead v. Moss*, 210 Ga. App. 508, 509 (1) (436 SE2d 723) (1993).

(a) *Dismissed Counterclaims.* Reebaa Construction first claims that it is entitled to an attorney fee award associated with defending against Chong's dismissed counterclaims, which it alleged were frivolous and interposed for the purposes of delay, harassment, and unnecessary expansion of the proceedings. Despite Reebaa Construction's claims in this regard, it has failed to point to anything in the record reflecting that the trial court abused its discretion in concluding that Chong's counterclaims did not lack substantial justification. The fact that Chong's counterclaims ultimately were dismissed voluntarily or by the grant of summary judgment does not establish that they were substantially frivolous, groundless, or vexatious. "A prevailing party is not perforce entitled to an award of attorney fees under this statutory subsection." (Citation and punctuation omitted.) *Bellah v. Peterson*, 259 Ga. App. 182, 182 (1) (576 SE2d 585) (2003). "[T]he grant of summary judgment in [a party's] favor . . . [does] not amount to a finding, binding on the trial court, that [the opposing party's] case was wholly without merit." *Seckinger v. Holtzendorf*, 200 Ga. App. 604, 605 (409 SE2d 76) (1991). Indeed, by denying the motion for attorney fees, the trial court inherently found that the counterclaims were not frivolous. *Bellah*, 259 Ga. App. at 182 (1).

> [Reebaa Construction] fails to recognize that the grant of a motion for summary judgment on [Chong's counterclaims] establishes only that as to one essential element of [Chong's] claim[s], [he] failed to adduce evidence that a genuine issue of material fact exists, notwithstanding any issue of material fact regarding any other essential element. See OCGA § 9-11-56. The amount of evidence adduced by the parties necessarily varies in each case, and thus a ruling that [Chong] failed to produce evidence creating a particular issue of material fact cannot be dispositive of the issue whether [the counterclaims lacked substantial justification and was imposed for delay or harassment].

(Citation omitted.) *Seckinger*, 200 Ga. App. at 606. Accordingly, the trial court did not abuse its discretion in denying Reebaa Construction's motion for attorney fees as to the issue of Chong's counterclaims.

(b) *Trial Expert.* Reebaa Construction further claims entitlement to attorney fees based upon Chong's alleged frivolous designation of David Rutherford as his trial expert. Reebaa Construction successfully pursued a motion in limine, and Rutherford's testimony was excluded from trial. At his deposition, Rutherford testified that although he was a practicing attorney, he also had been a civil engineer for 30 years and had construction experience in the building industry. Based upon his experience, he had been retained by Chong to evaluate the scope of work required under the contract, whether the scope of work had been performed by Reebaa Construction, and how the scope of work related to the additional work later performed. Although the trial court ultimately granted the motion in limine and excluded the testimony, it was not required to award attorney fees to Reebaa Construction. *Bellah,* 259 Ga. App. at 182 (1).

In sum, in Case No. A06A2308, we reverse the trial court's denial of Chong's motion for new trial as to the verdict in favor of Reebaa Construction's breach of contract claim. We further reverse the trial court's entry of judgment on the jury's award of expenses of litigation pursuant to OCGA § 13-6-11. In Case No. A06A2309, we reverse the trial court's decision directing verdict on Reebaa Construction's claims of defamation and slander per se, tortious interference with business relationships, and punitive damages. However, we affirm the trial court's denial of Reebaa Construction's motions for contempt and for attorney fees under OCGA § 9-15-14. Accordingly, this case is remanded for retrial as to Reebaa Construction's claims of breach of contract; quantum meruit; attorney fees pursuant to OCGA § 13-6-11; defamation and slander per se; tortious interference with business relationships; and punitive damages.

*Judgment affirmed in part and reversed in part, and case remanded. Barnes, C. J., and Andrews, P. J., concur.*

DECIDED MARCH 23, 2007 —
RECONSIDERATION DENIED APRIL 10, 2007 — 

*Christopher G. Moorman, Louis B. Stout, J. Hue Henry, David W. Griffeth,* for appellant.

*Freeman, Mathis & Gary, T. Bart Gary, Neil L. Wilcove, Richard C. Freeman III, Stephen F. Mackie,* for appellee.